## Krumbhaar *versus* Birch.

1. A purchaser of personal property who seeks to defend an action for the purchase-money on the ground of a defect in the vendor's title, must show an eviction or an involuntary loss of possession.

2. A purchaser of personal property who takes and retains possession thereof and consumes it, cannot defend an action for the price on the ground that he had afterwards been obliged to pay for the property again to a third person who had a paramount title.

3. When the vendor of personal property knowingly makes a false representation as to his title to the goods, this can be set up by the vendee as a defence in an action for the unpaid purchase-money.

4. K. bought from B. his interest in certain chattels and in certain letters patent for an invention; in an action to recover the unpaid purchase-money, K. offered to show that at the time of the sale, B. had ceased to own the property, and that after the sale and delivery to him he had paid the real owner for it: *Held*, that this offer was properly refused and that the defendant was bound to prove an eviction.

5. K. further offered to show in connection with these facts that he did not go into possession until his purchase from the rightful owner: *Held*, that this offer was properly refused.

6. K. offered to show that at the time of the sale, B. falsely represented himself to be the owner of the letters patent: *Held*, that proof of the facts offered would be a defence and that this offer should have been sustained.

February 1st 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county:* Of January Term 1877, No. 62.

Covenant by R. DeWitt Birch against L. Ramsey Krumbhaar, on an agreement dated August 3d 1871, by which the former sold to the latter all his right, title and interest in certain chattels, machinery, &c., and in certain letters patent for the manufacture of copperas, "so far as the same relates to Philadelphia and adjoining counties, and the city of Camden." The purchase-money was $4680, payable in weekly instalments of $30. Weekly payments were made to the amount of $2970, up to September 13th 1873. This action was brought to recover the remaining payments alleged to be due. The pleas were *non est factum* and covenants performed, *absque hoc*, &c.

At the trial before Finletter, J., the defendant offered, (1) To prove that before the sale to him the plaintiff had assigned his interest in the personal property, and a portion of his interest in the letters patent, to one Weston, and that the title to the personal property and his interest in the patent continued in Weston till after August 3d 1871; that after the sale and delivery by the plaintiff to the defendant, the latter bought the personal property from Weston, and paid him for it; and that, as to the letters patent, a partial interest had previously been assigned by the plaintiff to Weston, who at the time of the sale to the defendant owned the right to use it in Philadelphia for six years, and that the letters patent were a nullity, and conferred no right upon the defendant. Further, in

[Krumbhaar *v.* Birch.]

connection with the above facts, that the defendant did not go into possession of the property till after the purchase by him from Weston, on September 12th 1871.

After these offers had been refused, *seriatim,* the defendant offered, (2) To show that the plaintiff, at the time of the sale, represented himself to be the owner of one-half interest in the letters patent, whereas he had sold his entire interest therein for Philadelphia county before that time. This offer was also refused.

There was a verdict for the plaintiff, and after judgment thereon, the defendant brought this writ of error. The first three assignments of error were to the rejection of the first offers above, and the fourth assignment to the rejection of the second offer.

*John M. Thomas* and *R. C. McMurtrie,* for the plaintiff in error.—In the case of an implied warranty in the sale of chattels, an eviction takes place when a party in possession is obliged to hold under another to avoid an action on a title paramount. See Hare and Wallace's note to Allen *v.* Hopkins, 13 M. & W. 94 ; where, also, a doubt is thrown upon the case of Vibbard *v.* Johnston, 19 Johns. 77. This latter case has also been greatly qualified, if not overruled, in Sweatman *v.* Prince, 62 Barb. 267.

In an action to recover purchase-money it certainly is not necessary for the defendant to show an eviction ; such is the rule in actions to recover the purchase-money of real estate : Hart *v.* Porter, 5 S. & R. 201 ; Shaw *v.* Anderson, 7 S. & R. 43.

*E. G. Platt* and *Samuel Dickson,* for the defendant in error.—The defendant was bound to show either an eviction or an offer to return the chattels to the plaintiff : Chandelor *v.* Lopus, 1 Sm. Lead. Cas. 290, American note ; Vibbard *v.* Johnston, *supra;* Cox *v.* Hall, 24 Wend. 102.

It makes no difference that this was an action for unpaid purchase-money : Wilson *v.* Cochrane, 10 Wright 229.

Mr. Justice MERCUR delivered the opinion of the court, February 7th 1877.

This action was to recover for property sold by Birch to the plaintiff in error. By writing under seal the former sold "all his right, title and interest in and to" certain goods, chattels and fixtures, and also "in and to the letters patent," * * * "for an improvement in the manufacture of copperas," * * * "so far as the same relates to the city of Philadelphia and adjoining counties, and city of Camden, in the state of New Jersey."

All the assignments of error are to the rejection of evidence offered by way of defence. We do not discover any merit in the first three assignments. Birch sold his interest only. He pro-

[Krumbhaar *v.* Birch.]

fessed to sell no more. The writing contains no assertion indicating the extent of his interest. It makes no averment that he had not previously disposed of the property. He sold his present interest only—whatever that might be. These offers contain no averment of misrepresentation.

Where defence is made to the payment of the purchase-money for breach of warranty of title, there should be proof of eviction or of an involuntary loss of the possession. The warranty of title is a part of the consideration. While the vendee holds the covenant, and retains the possession, he cannot withhold the purchase-money. The right to detain purchase-money is in the nature of an action on the covenant. A vendee who seeks to detain by virtue of a covenant of warranty of title, in the absence of fraud, is as much bound to prove an eviction as if he was a plaintiff in an action of covenant: Christy *v.* Reynolds, 16 S. & R. 258; Lighty *v.* Shorb, 3 Penna. R. 450; Dobbins *v.* Brown, 2 Jones 79; Murphy *v.* Richardson, 4 Casey 292; Wilson *v.* Cochrane, 10 Wright 229.

The purchaser of personal property, who takes and retains possession thereof, and uses and consumes the same, cannot afterwards prevent a recovery of the price he agreed to pay, by showing he had bought the title of a third person.

Here the plaintiff in error purchased of Birch on the 3d of August 1871. He offered to show, without any notice to the vendor, and before he took possession, that he bought an outstanding title on the 12th of September 1871. It appears that he made a payment to Birch on the 9th of October 1871, and continued to pay the weekly instalments until the 13th of September 1873. After so many payments and so long a time, it was rather late to set up an implied breach of the contract: Leaming *et al. v.* Wise *et al.*, 23 P. F. Smith 173. There was no offer to prove any fact which would make the patent a nullity.

The fourth assignment presents a different case. Conceding that the vendor sold his interest only, the offer was to prove that he, at the time of the sale, represented himself to be the owner of one-half of the patent right, which he then sold; whereas, in fact, he had previously sold the entire interest therein for the county of Philadelphia. It was in substance to prove that the vendor made a representation, which he knew to be untrue, of a material fact, and thereby deceived and defrauded the vendee.

It needs no citation of authorities to prove that the wilful misrepresentation or concealment of a material fact by the vendor constitutes a fraud. If the facts alleged were established, the vendee might sustain an action to recover damages for the fraud; or he may use it by way of defence in an action brought against him for the purchase-money. Under proper pleas (and no objection was made in the court below nor here in regard to them), the vendee

[Krumbhaar v. Birch.]

may set up any facts in defence which show that in equity and good conscience he ought not to be required to perform his covenant: Evans v. Dravo, 12 Harris 62. The assignment is therefore sustained.

Judgment reversed, and a *venire facias de novo* awarded.