GEORGE S. CAHILL, Respondent, *v.* GEORGE J. SMITH, Appellant.

Plaintiff purchased of defendant certain personal property covered by a chattel mortgage ; the latter gave a bill of sale by which he covenanted " to warrant and defend the sale," and a writing by which he certified that the chattel mortgage would thereafter be paid by him ; not having been paid it was foreclosed and the property was purchased by N. for $700, the amount due on the mortgage. N. claimed the property, and plaintiff paid him $1,000 therefor. In an action to recover damages for the breach of defendant's agreements plaintiff recovered the amount due on the mortgage. *Held* no error ; that no actual eviction was necessary to sustain the action; that as he could not withhold the property from the purchaser without becoming a wrong-doer, his submission, although peaceable, was not voluntary.

(Argued January 21, 1886 ; decided February 2, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of the plaintiff, entered on a verdict.

The nature of the action and the material facts are stated in the opinion.

*N. C. Moak* for appellant. Upon a warrant in a bill of sale of personal property there must be an actual eviction before the vendor can be held. (*Bordwell* v. *Collie*, 1 Lans. 141, 144, 146; 45 N. Y. 494, 495; *Greenvault* v. *Davis*, 4 Hill, 643; *St. John* v. *Palmer*, 5 id. 599, 602, 603; *Atkins* v. *Hosley*, 3 T. & C. 322, 324.) Eviction is an actual expulsion. (*Jackson* v. *Cole*, 4 Cow. 485; *Fellows* v. *Lyon*, 6 N. Y. Weekly Dig. 424; *Case* v. *Hall*, 24 Wend. 102.)

*M. F. McGoldrick* for respondent. Maguire's hostile assertion of his paramount title was an eviction and a breach of defendant's covenant. (*Bordwell* v. *Collie*, 45 N. Y. 495.) A purchase of paramount title hostilely asserted is a breach of the covenant of warranty. (Rawle on Covenants for Title, 278; *Hunt* v. *Amidon*, 4 Hill, 345; *Bragelman* v. *Dane*, 69 N. Y. 69.)

DANFORTH, J. On the 6th of January, 1882, a mortgage was executed to one McElroy, upon certain store fixtures. Afterward the defendant sold them to the plaintiff at the price of $1,800, giving a written bill of sale, dated June 23, 1882, with a covenant " to warrant and defend the sale " thereof "against all and any person or persons," and a writing dated June 24, 1882, acknowledging payment of " the sum of $1,800, the consideration named in the bill of sale," and also certifying that the chattel mortgage above referred to " will hereafter be satisfied by me." These papers were signed by the defendant.

In December, 1883, the debt being unpaid, the mortgage was foreclosed by its then owner, and the mortgaged property sold to one Norton for $700, the amount due on the mortgage. He claimed the property, and to retain it the plaintiff paid him $1,000. It appeared that Norton did not in fact remove the fixtures, and that the plaintiff's business, in which they were used, was not interrupted.

This action was for damages by reason of the breach of defendant's agreement. The facts were not disputed, and the trial judge held the plaintiff entitled to recover, but only $700, the

amount due on the mortgage, and for that sum directed a verdict in his favor. Upon the trial the defendant claimed among other things that no actual eviction had been proven, and its necessity presents the only point made in support of this appeal.

We think it is without merit. The title to which the plaintiff yielded was paramount to that acquired by him from the defendant, and he was not required by violence to resist the lawful demand of the owner. He could not withhold the property without becoming a wrong-doer, and his submission, therefore, although peaceable, was not voluntary. Under such circumstances, the right of a purchaser to redress for breach of a warranty of title is well settled. (*Bordwell* v. *Collie*, 45 N. Y. 494; *McGiffin* v. *Baird*, 62 id. 329.) In the present case, however, the plaintiff was not only deprived of his title by the enforcement of a valid prior mortgage, and sale under it, but regained a right to its possession only by paying money upon an obligation which the defendant had expressly agreed to satisfy, but did not. There was a breach of both agreements, and the plaintiff was justly entitled to recover.

The judgment should be affirmed.

All concur.

Judgment affirmed.