## HULL v. CALDWELL.

1. C. contracted with H. to deliver to him certain specific personal property at a future day, and at the time of making such contract C. received and accepted from H., at an agreed price, as part payment under the contract, other personal property, the title to which was absolutely transferred by H. to C. *Held* that the transaction as to the property so transferred by H. to C. constituted an executed sale, and not a contract for a sale.

2. Under the provisions of section 3645, Comp. Laws, a vendee on an executed sale of personal property, in the absence of fraud, has no right to rescind such sale for a breach of the implied warranty of title.

3. A vendee to whom personal property has been transferred under an executed sale cannot maintain an action upon the implied warranty of title, nor interpose the breach of such implied warranty of title, as a defense to an action for the price, in the absence of fraudulent representations respecting the title, without showing actual damage resulting from such breach of warranty.

(Syllabus by the Court. Opinion filed Jan. 25, 1893.)

Appeal from circuit court, Minnehaha county. Hon. FRANK R. AIKENS, Judge.

Action to recover for breach of contract. Plaintiff had judgment. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*U. S. G. Cherry*, for appellant.

In the sale or exchange of personal property the vendor in possession warrants the title which he assumes to transfer to the vendee. McCoy v. Artcher, 3 Barb. 323; Castigan v. Hawkins, 22 Wis. 77; Davis v. Smith, 7 Minn. 328; Scott v. Hix, 62 Am. Dec. 458; Shattuck v. Green, 104 Mass. 42; Patee v. Pelton, 48 Vt. 182; Hunt v. Sackett, 31 Mich. 18; Thurston v. Spratt, 52 Me. 202; Sargent v. Currier, 49 N. H. 310; Brynside v. Burdett, 15 W. Va. 702. The warranty extends to prior liens or incumbrances. Dresser v. Ainsworth, 9 Barb. 619; Davis v. Smith, 7 Minn. 333; Whitney v. Haywood, 6 Cush. 82. Upon discovering the defect of the title the vendee may either retain the property and recover damages sustained or rescind the contract and return the property. McGibben v. Baird, 62 N. Y. 331; McKnight v. Derlin, 52 *Id.* 399; Dorr v. Fisher, 1 Cush. 373; Coolidge v. Bingham, 1 Met. 551; Linton v. Porter, 31 Ill. 107; Ware v. Haughton, 93 Am. Dec. 261; Chancellor v. Wiggins, 39 Am. Dec. 499; Comp. Laws, § 3599.

*Winsor & Kittredge*, for respondent.

The damages caused by the breach of warranty of title of personal property sold is the value thereof to the buyer when he is deprived of its possession, together with any costs he has had to pay in an action by the true owner. Gross v. Kierski, 41 Cal. 111.

CORSON, J. On July 12, 1890, the plaintiff and defendant entered into a written contract, by the terms of which the defendant agreed to deliver to the plaintiff 75 tons of hay on demand after October 1st for which the plaintiff agreed to pay him $225, $100 of which was to be paid by a buggy and harness to be delivered to defendant at the date of the execution of the contract. The buggy and harness were delivered for which the defendant gave a receipt, of which the following is a copy: "Sioux Falls, S. D., July 12, 1890. Received of L. B. Hull one buggy and harness, the same to be applied as payment of one hundred dollars

on a quantity of hay this day purchased of me by said Hull. (Signed) Louis P. Caldwell." During the months of October and November the plaintiff repeatedly requested the defendant to deliver the hay, but he neglected and refused to deliver it. About November 15th the defendant notified the plaintiff that he rescinded the contract, for the reason that he had discovered that the buggy was incumbered by a chattel mortgage, and tendered to him the buggy and harness. The plaintiff refused to accept the property, and brought this action to recover damages for the breach of the contract on the part of the defendant in refusing to deliver said hay. The defendant pleaded the contract, the delivery of buggy and harness, the implied warranty of title thereto, the fact that said buggy was incumbered by a chattel mortgage duly recorded, and that upon discovering the existence of such incumbrance he rescinded the contract, and tendered to the plaintiff said buggy and harness. The only issue that seems to have been tried by the court was the right of the plaintiff to recover the $100 agreed upon in the contract and receipt as the value of the buggy and harness; the other claims for damages having been stricken out, on motion, by the court. It was admitted on the trial that the buggy and harness, at the time they were delivered to the defendant, were included with other personal property in a chattel mortgage of $1,000, filed for record in the proper office; but on the trial the plaintiff introduced evidence tending to prove that some time prior to the attempted rescinding of the contract by the defendant the property in controversy was released from the lien of the chattel mortgage, and that at the time the defendant tendered the buggy and harness, and notified the plaintiff that he rescinded the contract, the plaintiff informed the defendant that the property was so released, and produced the release. At the close of the trial each party requested the court to direct a verdict, which the court declined to do, and submitted the case to the jury.

There are two sections of our Code which bear directly upon the questions in this case, which are as follows: Section 3629: "One who sells, or agrees to sell, personal property as his own, thereby warrants that he has a good and unincumbered title;" and section 3645: "The breach of a warranty entitles the buyer to re-

scind an agreement for sale, but not an executed sale, unless the warranty was intended as a condition." Counsel for appellant insists that under the former section there was an implied warranty of an unincumbered title on the sale; and that the transaction in this case was "an agreement for sale," and therefore the appellant had the right to rescind at any time when he found the title was incumbered by the chattel mortgage; but the learned counsel for the respondent contend that the transaction relating to the buggy and harness constituted an "executed sale," and hence there was no right to rescind on the part of the defendant, as it came within the second clause of section 3645. It will be observed that by that section the right to rescind is given on "an agreement for sale," but is denied in case of "an executed sale." This section states briefly, but clearly, the rule as it existed before the adoption of the Code. Voorhees v. Earl, 2 Hill, 288; Cary v. Gruman, 4 Hill, 625; Muller v. Eno, 14 N. Y. 597; Thornton v. Wynn, 12 Wheat. 183; Case v. Hall, 24 Wend. 102.

The first question, therefore, is, did the transaction in this case constitute an executed sale? We are of the opinion that it did. While it is true the contract between the parties was not an executed contract, as the hay was not delivered, and the balance of the purchase price was not paid, the price of the buggy and harness was agreed upon, and it was delivered to the defendant, a receipt given for it as payment of $100 on the contract, and the title to it was absolutely transferred to the defendant. It was not an agreement for a sale, that required some further act to be performed on the part of one or both parties to perfect it, but it was a completed sale. The defendant was at liberty to dispose of the property in any manner he might deem proper. In case of the loss or destruction of the property the loss would be that of the defendant. The transaction, therefore, constituted an unconditional, executed sale of the buggy and harness to the defendant. Section 3605, Comp. Laws. If, then, the sale was an executed sale, the defendant had no right to rescind it without the consent of the plaintiff. The implied warranty itself is not presumptively a condition. (Kiernan v. Rocheleau, 6 Bosw. 148; Voorhees v. Earl, *supra;* and in this case there was no evidence tending to prove

that there was any agreement that the warranty should operate as a condition. A vendee, in the case of an executed sale, has no right of action on the implied warranty of title until he is deprived of the possession of the property, and the same principle applies to pleading such warranty as a defense. In Case v. Hall, 24 Wend. 102, Chief Justice NELSON, delivering the opinion of the court, says: "Where, however, the vendee relies on the warranty of title, express or implied, there must be a recovery by the real owner before the action can be maintained. This is in the nature of an eviction, and is the only evidence of the breach of the contract, in analogy to the case of a covenant real." Again he says, in the same opinion: "Possibly the owner may never claim and enforce his title, or if he does, the seller may settle with him. The breach implies no bad faith, and therefore is compatible with perfect fair dealing between the parties; and the indemnity is complete by responding therefor after a recovery under paramount title." See, in addition to cases cited, Gross v. Kierski, 41 Cal. 111; Linton v. Porter, 31 Ill. 107; Benj. Sales, § 888 *et seq.* This was undoubtedly the view taken by the codifiers of the Code, as they provided by section 4592 that "the detriment caused by the breach of the warranty of the title of personal property sold is deemed to be the value thereof to the buyer when he is deprived of the possession. * * *" This section seems to assume, therefore, that before an action will accrue to the vendee he must be "deprived of the possession."

If the vendor fraudulently represents the property to be his own when he knows it belongs to a stranger, an action lies to recover damages therefor, though the real owner has not recovered the property, nor the vendee suffered any actual damages; and he would probably have a right to rescind for the fraud under the provisions of section 3589, Comp. Laws. Case v. Hall, *supra.* But in the case at bar no fraudulent representations were pleaded or proven on the trial, and hence the case presents only the question of an implied warranty of title which was incumbered by a chattel mortgage at the time the property was sold, but subsequently released before the vendee suffered any damage. The learned court below seems to have taken appellant's view, that the trans-

action constituted an agreement for sale and not an executed sale, and instructed the jury upon that theory. Our conclusions are, however, that the theory upon which the learned court below instructed the jury was not the correct one, as the transaction, in our view of it, constituted an executed sale of the buggy and harness, and that the defendant therefore had no right to rescind the sale nor the contract; and, not having been deprived of the possession of the property under the chattel mortgage, the defendant had no defense to the plaintiff's action, whether the property had or had not been released from the lien of the mortgage. It follows, therefore, that the plaintiff was clearly entitled to recover; and the verdict and judgment being right, and being such only as could have been properly rendered, the defendant could not have been prejudiced by the instructions of the court had they failed to state the law correctly,—a question we do not now decide. The counsel for the defendant also insists that the court erred in refusing to allow him to call witnesses to rebut certain evidence admitted on the part of the plaintiff, but this question is not so presented by the record that we can consider it. The only statement in the abstract upon this matter is "that defendant's counsel offers to introduce certain evidence here which the court refuses to receive, to which ruling the defendant excepts." What the evidence was that the counsel offered to introduce, and for what purpose, does not appear. A statement so vague and indefinite cannot form the basis of an exception that this court can consider. Finding no error in the record, the judgment is affirmed. All the judges concur.