[S. F. No. 2366.   Department Two.—June 20, 1904.]

## AMELIA D. BARNUM, Respondent, v. JAMES W. COCHRANE, and ANGUS McLEOD, Appellants.

VENDOR AND PURCHASER—SALE OF HOTEL PROPERTY AND LEASE—PERSONAL PROPERTY.—A sale of a hotel property situated on premises leased for a term of years, with the privilege of removal of the improvements if the lease is complied with, is a sale of personal property.

ID.—BILL OF SALE—AGREEMENT FOR GOOD TITLE—WARRANTY—ACTION FOR BREACH—UNDISPUTED POSSESSION.—An agreement to furnish a good title to such property, followed by a bill of sale thereof, is in

effect a warranty of title. The full possession and enjoyment of the property cannot be retained by the purchaser and an action sustained for the loss of it at the same time; and the purchaser cannot recover for breach of such agreement or warranty, while still remaining in undisputed possession of the property.

ID.—PLEADING AND PROOF REQUIRED.—To recover damages for defect of title to personal property it must be alleged and proved that plaintiff has suffered damages thereby; and where possession has been delivered under a bill of sale, in order to warrant a recovery upon an agreement for good title, it must be alleged and proved that the possession has been disturbed, or that plaintiff has been put to expense by reason of defect of title.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

W. W. Cannon, for Angus McLeod, Appellant.

Crandall & Bull, Franklin P. Bull, and L. A. Wittenmyer, for Respondent.

THE COURT.—This is an action for damages for false and fraudulent representations by which plaintiff was induced to purchase a certain hotel property situated at Point Tiburon, in Marin County, alleged to consist of a hotel building and furniture and an eleven-year lease of the land on which the same was situated. The plaintiff had a verdict and judgment for $1,450. Both defendants appeal from the judgment. The defendant McLeod also appeals from an order denying him a new trial.

The false and fraudulent representations complained of related to the character and profits of the hotel business carried on in the building purchased, to the character and value of the furniture, and to the value of the good-will of said business. The complaint also alleged that defendants falsely represented "that they had and were authorized to sell" said property, "and that said defendants could and would furnish a good and perfect title to said hotel business, hotel furniture, and property aforesaid to a purchaser thereof," and that these representations were false, "and said defendants were not able and did not furnish to said plaintiff a good or perfect

or any title to said property.'' The complaint contained no allegation that the plaintiff was ousted or evicted from the premises, nor was there any evidence to that effect, but, on the contrary, the evidence showed that the plaintiff went into possession of the premises soon after the sale and continued in such possession up to the time of the trial of the case.

The court instructed the jury, at the request of defendants, as follows: ''There is no representation charged in the complaint herein to the effect that defendants, or either of them, falsely or fraudulently represented that the title to said property was good or perfect, but the representation charged is that defendants falsely and fraudulently represented that they could and would furnish a good and perfect title to the hotel building, hotel furniture, and property described in said complaint to a purchaser thereof. You are therefore instructed that there can be no recovery in this action against defendants, or either of them, on the ground of false or fraudulent representations as to the state of the title to said property at the time of the purchase thereof.''

The court of its own motion added to this instruction as follows: ''But if such representation was made as alleged it constitutes a contract to make the title good within a reasonable time.'' At the request of plaintiff the jury were instructed as follows: ''If the jury shall find from the evidence that the defendants agreed to give Mrs. Barnum a good title to the property in question, then they are bound to furnish such title; and if they fail to do so, then your verdict should be for the plaintiff. If you shall find from the evidence that either one of said defendants agreed to furnish Mrs. Barnum with a good title to the property in question, then I instruct you that the plaintiff is entitled to a verdict in her favor, as against the defendants so agreeing to give her a good title, if either defendant so agreed.''

The court refused defendants' requested instruction as follows: ''You are instructed that you cannot award plaintiff substantial damages for breach of covenant to furnish good and perfect title in this action, as no substantial damages have been proved, but, if you find in her favor on that issue alone, you can only award her nominal damages, say one dollar.''

The action of the court as to these instructions was duly excepted to, and it is now claimed on behalf of appellants

that the court therein committed prejudicial error. We think this contention must be upheld. No effort seems to have been made to produce evidence as to what extent or how or wherein plaintiff had suffered damage by reason of any failure to furnish a good title. From the instructions the jury were left to presume that they might find substantial damages from failure on the part of defendants to comply with their agreement to furnish good title, even though there was nothing to show that plaintiff had either been evicted or disturbed in her possession and enjoyment of the premises or had been put to any expense to make her title good. The property in question, including the lease for years, is personal property. (*Jeffers* v. *Easton etc. Co.*, 113 Cal. 345.) The plaintiff had gone into·possession of it under a bill of sale furnished by defendants and purporting to convey title to the property; and it is clear that the full possession and enjoyment of this property could not be retained by plaintiff and at the same time she be permitted to recover as for a loss of it. (*Burt* v. *Dewey*, 40 N. Y. 283.[1]) She bought the property to run it as a hotel. If she stays the eleven years out, and then is permitted to remove it, and no one thereafter interferes with her right to the property, she will have suffered no damage by reason of any failure to furnish good title. To recover damages for defect of title to personal property it must be alleged and shown that plaintiff has suffered damages thereby. The rule is the same where the claim for damages is based on breach of agreement to furnish good title as it is where the action is for breach of warranty of title. Indeed, an agreement to furnish a good title followed by a bill of sale of the property is in effect a warranty of title. This rule that the vendee cannot recover on such warranty while still retaining undisputed possession of the property has been frequently recognized in this state. (*Gross* v. *Keirski*, 41 Cal. 112; *Palmtag* v. *Doutrick*, 59 Cal. 154;[2] *Alden* v. *Pryal*, 60 Cal. 215; *Jeffers* v. *Easton etc. Co.*, 113 Cal. 345.)

In this case, to warrant a recovery upon a covenant for good title, the complaint should have shown that plaintiff had been disturbed in her possession, or in some way put to expense by reason of defect of title. Also, the evidence should have sustained that branch of the case.

[1] 100 Am. Dec. 482.     [2] 43 Am. Rep. 245.

For these reasons the instructions asked by defendant to the effect that this was not a proper case to award damages for breach of covenant to furnish good title should have been given, and the instructions to the contrary were erroneous.

Many other errors are claimed by appellants, but as most of them arose from a misunderstanding of the scope of the action already discussed, and as none of them may arise upon another trial of the case, it seems unnecessary to further discuss them here.

The judgment and order are reversed.