SULLIVAN *v.* WOOLDRIDGE.

Opinion delivered March 3, 1913.

1. SALVAGE—RIGHT TO.—A party to be entitled to salvage under section 7470 *et seq.,* of Kirby's Digest, must give the notice required by the statute. (Page 260.)

2. SALE OF CHATTELS—WARRANTY—FAILURE OF CONSIDERATION.—When W. sold logs to S. with covenants of warranty, and took a due bill in payment, and W. sued S. on the same, and B. claiming that the logs were his, was permitted to become a party to the action, and the action was treated as one between W. and B. to ascertain which one owned the logs, and it appearing that B. was the owner of the logs and entitled to payment therefor from S., it will be held that S. has suffered an eviction, and he may thereby defeat the action of W. against him, for the purchase price on the grounds of a failure of consideration. (Page 261.)

Appeal from Bradley Circuit Court; *Henry W. Wells,* Judge; reversed and dismissed.

STATEMENT BY THE COURT.

L. L. Sullivan owned and operated a saw mill on the banks of the Saline river where the railroad crosses it in Cleveland County, Arkansas. He entered into a written contract with W. W. Wooldridge whereby the latter agreed to deliver him logs at his mill at a certain price and to warrant and defend the title to the same against the claims of all persons. In May, 1911, Wooldridge found some logs in a draw-out or slough leading into the main channel of the river, and ran them down to Sullivan's mill. Sullivan scaled the logs, accepted them, and gave Wooldridge his due bill for $123.46 for the purchase price.

Wooldridge brought this suit against Sullivan before a justice of the peace to recover on the due bill. Sullivan filed an affidavit stating that the Bradley Lumber Company claimed that the logs were taken from its land, and that it was entitled to the purchase price of the same. He asked that the lumber company be made a party to the suit. The Bradley Lumber Company filed a petition in which it stated that the logs had been cut off of its land in Cleveland County, Arkansas, and that it was entitled to the purchase money claimed by Wooldridge. It asked to be allowed to intervene and show its claim to the money. No objection was made by any of the parties, and the plaintiff, Wooldridge, recovered judgment in the justice court for the amount of his due bill. Sullivan and the Bradley Lumber Company appealed to the circuit court.

The plaintiff, Wooldridge, testified to a state of facts substantially as follows: He admits that he did not own the logs for the purchase price of which the due bill sued on was given. He admits that he did not pay anything for the logs. He says that he found them in a draw-out or slough leading into the main channel of Saline river at a point not far above the mill of Sullivan. The logs were not marked or branded, and Wooldridge after holding them for about eight days carried them down to Sullivan's mill and sold them to him, taking his due bill for $123.46 for the purchase money. There were twenty-six pine and eight cypress logs. The pine logs were twenty-four feet long and the cypress logs varied from sixteen to thirty-two feet. Sullivan refused to pay Wooldridge because he said the Bradley Lumber Company claimed the logs.

The evidence of Sullivan and the Bradley Lumber Company is substantially as follows: J. E. E. Barker was at the time of the trial and for sometime prior thereto the representative of the Bradley Lumber Company. The Bradley Lumber Company owned some timber lands in Cleveland County, Arkansas, and the duties of Barker required him to make trips up and down the

river to find out if anyone was trespassing on said lands. On one of these trips in May, 1911, he ascertained that some timber had been felled and carried away from the land of the lumber company. The timber had been cut while the water was up and over the banks of the river. It appears that after the timber had been cut the logs had been floated out into the main channel of the river and carried down it. Barker examined the stumps and tops of the trees that had been cut down. He also made measurements of the size of the stumps and of the tops and estimated the size of the logs therefrom. He traced the logs down the river to a point some distance above Sullivan's mill and there lost track of them. He then went down to Sullivan's mill and found some logs which corresponded exactly in number, kind and size to the trees that had been cut down. These logs were the ones that Wooldridge had sold to Sullivan. There was one pine tree cut down that scaled forty-one inches across the stump. There was a distinct mark on the stump that timber men call a "cat face"—it came right across the face of the stump. There was a plug pulled out and Barker scaled right by the plug. When he got down to Sullivan's mill he pointed out a log which was similarly marked and said if it was the log taken from this stump it would scale forty-one inches across the stump. The log had a "cat face" across it and when it was measured it scaled forty-one inches. There was another log which had a hollow in it but the wood was perfectly sound and it had no other defect. This log by comparison with the stump showed that it was taken from the Bradley Lumber Company's land. The testimony showed that it rarely occurred that a log was found with a hollow in it and the timber around the hollow perfectly sound. The logs sold by Wooldridge to Sullivan were freshly cut and in measurement, kind of timber, and size corresponded exactly with the timber cut from the land of the Bradley Lumber Company. The testimony shows that no other timber was cut in that vicinity about that time.

In rebuttal, Wooldridge introduced testimony tending to show that other timber had been floated down the river before and after the time the logs in question were carried down, but the testimony does not show that any of this timber was lost; or that it had been freshly cut.

The jury returned a verdict for the plaintiff in the sum of $123.46, and both Sullivan and the Bradley Lumber Company have appealed.

*D. A. Bradham,* for appellants.

The evidence on the part of appellee shows that he found the timber on the lands of the Bradley Lumber Company and removed it therefrom. Appellee before he could claim the timber against the company would have to prove his ownership thereof, and in the absence of such ownership or permission from the company was not authorized to remove the timber. 102 Am. St. Rep. 648-655; 129 *Id.*, 404-406. See also 25 Cyc. 1577 (F).

The Bradley Lumber Company has so clearly identified the timber cut, and the evidence that the logs came from its land, that there is nothing left upon which to rest the verdict, and it should be set aside. 70 Ark. 385; 53 Ark. 96; 96 Ark. 500.

*John E. Bradley,* for appellee.

1. Sullivan is estopped to deny appellee's demand by his own admissions and the execution of the due bill.

2. Bradley Lumber Company could defeat appellee's recovery only by showing that it was the owner of the timber, and that was a question of fact which is settled by the jury's verdict.

HART, J., (after stating the facts). As will be seen from the statement of facts, Wooldridge brought this suit against Sullivan to recover on a due bill given by the latter to the former for the purchase price of some logs. Sullivan refused to pay the due bill because the Bradley Lumber Company asserted title to the logs and claimed that it was entitled to the purchase money. Wooldridge had warranted the title to the logs and admitted that he did not have any title thereto, and that he did not pay

anything for them. He did not give the notice required by the statute of persons taking up property and did not otherwise attempt to comply with the Salvage Act. Therefore, he even forfeited all claim to salvage. Kirby's Digest, § 7476. The Bradley Lumber Company without objection was permitted to become a party to the action for the purpose of asserting its title to the timber and claiming the proceeds. At the time that Sullivan purchased the logs, he did not know that Wooldridge did not have title to them.

In the case of *Hynson* v. *Dunn,* 5 Ark. 395, the court held that where a vendee of personal property protects himself by covenants of warranty and is let into possession, he can not defend against the payment of the purchase money without a pervious eviction. The court said it would be unjust to permit a vendee to retain possession of the property and put his vendor at defiance. This rule was also recognized in the case of *Brown* v. *Smith,* 6 Miss. 387. And the court there said that in general the rules which apply to sales of real apply also to those of personal estates, and gave as its authority for so holding 2 Kent's Commentaries, page 471.

In the case of *McDaniel* v. *Grace,* 15 Ark. 465, the court said: "Where the purchaser has taken a deed, with general covenants, of warranty, and there is a total failure of title and an eviction, or its legal equivalent, and the vendor sues for the purchase money, the purchaser may avail himself of the plea of failure of consideration, and will not be forced to pay the money, and then resort to cross action upon the covenants of his deed to recover it back" (Citing authorities). See also, *Benjamin* v. *Hobbs,* 31 Ark. 151.

As we have already seen, the Bradley Lumber Company was permitted to become a party to the action for the purpose of asserting its title to the logs and to recover the purchase price therefor. By its action the Bradley Lumber Company elected to confirm the sale by Wooldridge to Sullivan and to seek to recover the proceeds of the sale. No objection was made to this course

of proceeding and all of the parties to the action treated it as a contest between Wooldridge and the Bradley Lumber Company as to which one owned the timber and should be entitled to recover the purchase price of the logs. So in the application of the principles above announced, if the evidence in the case shows that the Bradley Lumber Company had the title to the logs, then treating the action as the parties themselves have treated it, the Bradley Lumber Company would be entitled to recover the proceeds of the sale, and this would be equivalent to an eviction of Sullivan. In such case Sullivan could defeat the action of Wooldridge for the purchase price of the logs on the ground that there was a failure of consideration. Viewing the testimony in its most favorable light to Wooldridge, we think the undisputed evidence shows that the logs belonged to the Bradley Lumber Company. The testimony which we have given in the statement of facts, and which need not be repeated here, we think conclusively establishes that fact. The evidence adduced for the Lumber Company shows that timber corresponding exactly with the size, kind and measurement of the logs sold by Wooldridge to Sullivan was cut from its land and floated down the river. The stumps of some of the trees had peculiar marks on them which corresponded precisely with the marks on the logs, and the size, character of timber, and measurements were the same. It is true Wooldridge introduced evidence tending to show that other logs had been floated down the river about the same time, but he does not show these logs were freshly cut and the other evidence in the case shows that there was no timber cut about this time on any lands in that vicinity except that cut on the lands of the Bradley Lumber Company.

The evidence adduced to establish the title of the Bradley Lumber Company to the logs in question was reasonable and consistent in itself and conclusively shows that the logs were taken from timber cut off of its land. The evidence of Wooldridge to the effect that

other logs were floated down the river was too slight and trifling to be considered or acted upon by a jury. It amounted to no more than a mere surmise or conjecture that the logs belonged to some other than the Bradley Lumber Company, and could by itself have no legal weight. To hold otherwise, would be to say that a scintilla of evidence is sufficient to send a case to a jury, and this doctrine has always been repudiated by this court. Therefore, we hold that the undisputed evidence shows that the title to the logs was in the Bradley Lumber Company and, treating the action and proceedings as the parties themselves have treated them, the court should have directed a verdict for the Bradley Lumber Company. In this view of the evidence the consideration for the due bill failed and Wooldridge was not entitled to recover thereon.

Because the court erred in not directing a verdict for the Bradley Lumber Company, the judgment in favor of Wooldridge will be reversed and, inasmuch as the record shows that all the facts in the case have been fully developed, the cause of action of Wooldridge will be dismissed, and the judgment will be entered here for the Bradley Lumber Company against Sullivan for $123.46 and the accrued interest.