COURTNEY, RESPONDENT, *v.* GORDON, APPELLANT.

(No. 5,776.)

(Submitted October 21, 1925. Decided November 2, 1925.)

[241 Pac. 233.]

*Personal Property—Sales—Action for Price—Defenses—Breach of Warranty—Failure of Consideration—When not Available—Fraud—Pleading—Insufficiency—Change of Venue—Insufficiency of Motion.*

Sales—Payment—Venue.

    1. Where a contract of sale of personal property provides that payment shall be made in a county other than the one in which action is commenced, the defendant is entitled to a change of venue to that county, but where it does not so provide, the presumption is that payment is to be made at the creditor's residence or place of business and the action is triable in his county.

Same—Motion for Change of Venue—Legal Conclusions—Insufficiency.

    2. In an action on a contract for the payment of money which did not provide for the place of payment and was commenced by

[74 Mont. 408.]

the creditor in the county of his residence, an allegation in defendant's affidavit in support of his motion for change of venue to the county of his residence, that the contract "was to have been performed" in the latter county, was the assertion of a legal conclusion and without evidentiary value.

Same—Change of Venue—Burden upon Movant.

3. The burden is upon the party moving for a change of venue, to disclose the facts which entitle him to the change; hence where defendant instead of setting forth the facts entitling him to a change on the ground that the contract was to be performed in his county, simply alleged a conclusion to that effect, that his place of business was in that county and that he had been served with summons there, the motion was properly denied.

Trial—Cross-examination on Immaterial Matters—Exclusion not Error.

4. The provision of section 10665, Revised Codes of 1921, that a party may cross-examine a witness of his opponent on any facts stated in his direct examination or connected therewith, has reference to material matters; hence where plaintiff, though relieved by admissions in the answer from offering any evidence, did testify to immaterial matters, refusal to permit defendant to cross-examine him was not an abuse of discretion.

Sales—Action for Purchase Price—Defense—Breach of Warranty—When not Available.

5. Under the rule that so long as the buyer of personal property is in the undisturbed possession of it, he cannot recover damages for a breach of warranty of title or set up want of title in the seller as a defense to an action to recover the purchase price, *held* that in the absence of an allegation that defendant was disturbed in his possession, his answer did not state a counterclaim or a defense.

Same—Failure of Consideration—Buyer cannot Rescind Until Disturbed in Possession.

6. A buyer cannot rescind a sale of personal property on the ground of failure of consideration until he has been disturbed in his possession or otherwise suffered damages.

Same—Defense—Fraud—Insufficient Pleading.

7. Where defendant in an action to recover the purchase price of personal property in his answer pleaded that the representation of plaintiff that he had title to the property was false, but did not allege that plaintiff knew it to be false, that it was made in a manner not warranted by the information possessed by the seller, that it was made with intent to deceive, that the buyer believed it to be true or relied upon it, that he was deceived by it and misled to his prejudice, the pleading was insufficient to warrant rescission of the contract on the ground of fraud.

---

Affidavits, 2 C. J., sec. 76, p. 350, n. 87.
Payment, 30 Cyc., p. 1184, n. 54.
Sales, 35 Cyc., p. 139, n. 50; p. 416, n. 44; p. 418, n. 48; p. 541, n. 74; p. 556, n. 81, 82, 83, 84, 85.
Venue, 40 Cyc., p. 92, n. 65; p. 165, n. 59.
Witnesses, 40 Cyc., p. 2493, n. 37.

5. See 24 R. C. L. 288.

*Appeal from District Court, Jefferson County; Henry G. Rodgers, Judge.*

Action by D. J. Courtney against M. Gordon. From a judgment for plaintiff, defendant appeals. Affirmed.

*Mr. William Meyer,* for Appellant, submitted a brief, and argued the cause orally.

We believe that under our statute (sec. 7608, Rev. Codes 1921) and the authorities generally, failure of title on the part of the vendor may be set forth by the vendee as a defense to an action for all or part of the purchase price. In *Falke* v. *Fassett,* 4 Colo. App. 171, 34 Pac. 1005, 35 Cyc. 73 (6), the rule is stated as follows: "Although by a contract of sale, the seller impliedly warrants his right to sell the goods, if he fraudulently represents the goods to be his own when they are not, the buyer may avoid the contract on that ground." (See, also, *Bales* v. *Weedle,* 14 Ind. 349; *Abbott* v. *Marshall,* 48 Me. 44; *Sweetman* v. *Prince,* 62 Barb. (N. Y.) 256; *Halsell* v. *Musgrave,* 5 Tex. Civ. App. 476, 24 S. W. 385; *Kitchen* v. *Wilcox* (Ky.), 56 S. W. 514; *Baker* v. *McAllister,* 2 Wash. 48, 3 Pac. 581; *Malone* v. *Minnesota Stone Co.,* 36 Minn. 325, 31 N. W. 170; *Barker* v. *Keown,* 67 Ill. App. 433; *Shores Lumber Co.* v. *Claney,* 102 Wis. 235, 78 N. W. 451; *Kriess* v. *Faron,* 118 Cal. 142, 50 Pac. 388; *Osterweil* v. *Consolidated Mach. Co.,* 165 N. Y. Supp. 366; *Parish* v. *McPhee,* 102 Wis. 241, 78 N. W. 421, 422.)

With reference to the second affirmative defense, defendant alleges, *inter alia,* that upon the discovery by him of the fact that plaintiff was not the owner of the pipe, he immediately elected to and did rescind the contract entered into with plaintiff and offered to return all of the pipe which he had received from plaintiff, provided plaintiff would return to defendant the sum of $500 paid to plaintiff by defendant. This constituted a compliance with sections 7565 and 7567,

Revised Codes, and was a good and meritorious defense. (*Suburban Homes Co.* v. *North,* 50 Mont. 108, 114, Ann. Cas. 1917C, 81, 145 Pac. 2; *Campana* v. *Dobry,* 69 Mont. 240, 221 Pac. 540; *Jones* v. *Armstrong,* 50 Mont. 168, 145 Pac. 949, 951; *Butte Floral Co.* v. *Reed,* 65 Mont. 138, 211 Pac. 325; *Wolf* v. *Michael,* 21 Misc. Rep. 86, 46 N. Y. Supp. 991; *Sloan* v. *Wolf Co.,* 124 Fed. 196, 59 C. C. A. 612; *St. Paul Machinery Mfg. Co.* v. *Bruce,* 54 Mont. 549, 172 Pac. 330, 332 (2); *Osborne & Co.* v. *Walther,* 12 Okl. 20, 69 Pac. 953.) It may be urged that because the market value of the pipe had depreciated therefore rescission should be denied. However, the authorities do not justify any such contention. (*Goodrich* v. *Lathrop,* 94 Cal. 56, 28 Am. St. Rep. 91, 29 Pac. 329.)

*Messrs. Smith & Kelly,* for Respondent, submitted a brief; *Mr. J. E. Kelly* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in the district court of Jefferson county. Plaintiff alleges in his complaint that on November 11, 1918, he sold and delivered to defendant 2,840 feet of iron pipe, for which defendant agreed to pay fifty cents per foot, $1,420, and that no part of the purchase price has been paid, except the sum of $500. Defendant moved for a change of venue to Silver Bow county, and supported his motion by an affidavit to the effect that at the time the action was commenced, and thereafter, he resided and had his place of business in Silver Bow county and was served with summons in that county; and that "the contract sued upon in plaintiff's complaint was to have been performed in the county of Silver Bow." The motion was denied, and defendant answered. He admitted every one of the allegations of the complaint set forth above, and then tendered two affirmative defenses: failure of title in plaintiff and rescission of the con-

tract, and also undertook to set forth a counterclaim for damages for lost profits. These affirmative allegations were put in issue by a reply.

At the trial, the court limited counsel for defendant in his cross-examination of plaintiff to matters relating to the payment or nonpayment of the contract price. When the defendant sought to prove his defenses and counterclaim, the court excluded all of his offered evidence, upon the theory that the answer is insufficient, and directed a verdict in favor of the plaintiff, upon which judgment was entered. From that judgment this appeal is prosecuted.

1. Since this is an action upon a contract for the payment [1] of money, the cause should have been tried in the county where the contract was to be performed. (Sec. 9096, Rev. Codes.) This section received consideration by this court in *State ex rel. Coburn* v. *District Court,* 41 Mont. 84, 108 Pac. 144, in *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030, and in *State ex rel. Western Accident & Indemnity Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613, and the following rules are established by those decisions:

(1) If the contract provides a place of performance other than the county in which the action is commenced, the defendant is entitled to a change of venue to the county in which the contract was to be performed, upon making a proper application.

(2) If the contract does not provide a place of performance, the presumption is that payment is to be made at the creditor's residence or place of business.

The complaint herein does not disclose where the contract [2] was entered into, where the pipe was delivered, where payment was to be made, or the place of residence of the creditor, the plaintiff in this action. The affidavit of the defendant likewise fails to state where the contract was entered into, where the pipe was delivered, or where the plain-

tiff resides or has his place of business. As indicated above, it does contain the statement: "The contract sued upon in plaintiff's complaint was to have been performed in the county of Silver Bow." The like statement was contained in the affidavit presented in support of the motion for a change of venue in the case out of which arose *State ex rel. Western Accident & Indemnity Co.* v. *District Court,* above, and concerning it this court said: "This bald assertion seems, in view of its context, to be merely an expression of opinion by the affiants as to the legal construction or interpretation which should be placed upon the contract. In any event, however, such statements are sheer legal conclusions and were without evidentiary value." If this be correct, and we are satisfied that it is, the affidavit now before us is stripped of everything except the statements which fix the place of the defendant's residence and place of business and the place of service of summons; and, in an action upon a contract, these statements are altogether immaterial. (*State ex rel. Interstate Lumber Co.* v. *District Court,* above.)

Even though the county in which the action is commenced [3] is not the proper county for the trial of it, the trial may be had therein "unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." (Sec. 9097, Rev. Codes.) In other words, the burden is upon the party moving for a change, to disclose the facts which entitle him to it (40 Cyc. 165); and, to entitle this defendant to the change it was incumbent upon him to show that the contract was to be performed in Silver Bow county, or that plaintiff's residence or place of business was in Silver Bow county, and in this he failed.

In support of his contention that the change should have been granted, counsel for defendant cites *Bond* v. *Hurd,* 31 Mont. 314, 3 Ann. Cas. 566, 78 Pac. 579, and *McDonnell* v. *Collins,* 19 Mont. 372, 48 Pac. 549, but these cases were ex-

pressly overruled in *State ex rel. Interstate Lumber Co.* v. *District Court,* above.

The court did not err in refusing to change the venue.

2. Complaint is made that the trial court unduly restricted [4] the cross-examination of plaintiff.

Section 10665, Revised Codes, provides: "The opposite party may cross-examine the witness as to any facts stated in his direct examination or connected therewith.  \*  \*  \*  " This language must be given a common-sense construction. It has reference to material matters—facts which tend to enlighten the jury upon the question in controversy. (*Budd* v. *Northern Pac. Ry. Co.,* 59 Mont. 238, 195 Pac. 1109.)

The plaintiff did not testify to a single material fact in his direct examination, and we are unable to understand why he was called as a witness. The admissions in the answer clearly relieved him of offering any evidence in the first instance. Under these circumstances the court did not abuse its discretion in refusing to permit the defendant to inquire into the only matters in controversy, namely, the matters set up in the answer and with reference to which the defendant had the burden of proof.

3. In excluding all evidence offered by the defendant, the [5] trial court held that the answer does not state a defense or counterclaim, and the correctness of that ruling presents the principal subject for determination.

In the first affirmative defense it is alleged that on or about November 11, 1918, plaintiff sold and delivered to defendant 2,840 feet of iron pipe, for which defendant agreed to pay fifty cents per foot; that plaintiff fraudulently represented that he owned and was entitled to sell the pipe, when in truth and in fact the pipe did not belong to the plaintiff but did belong to the Butte Machinery Company, which company notified defendant of its ownership and that payment should not be made to the plaintiff; that thereupon defendant notified plaintiff of the claim of the company and that,

unless plaintiff perfected his title, defendant would return the pipe and require plaintiff to repay the $500 paid by defendant upon the purchase price; that plaintiff promised that he would perfect his title immediately, but failed to do so until May 24, 1919, at which time the market value of the pipe had depreciated so that the pipe was then worth no more than $500, the amount which defendant had already paid.

It is the contention of the plaintiff that these allegations fail to state a defense, that defendant has failed to allege that he was deprived of or disturbed in his possession of the pipe, or that he was sued or threatened with suit by the Butte Machinery Company, or that he paid the claim of that company.

Section 7608, Revised Codes, provides: "One who sells or agrees to sell personal property, as his own, thereby warrants that he has a good and unencumbered title thereto."

In this country it is the general rule that, so long as the buyer of personal property is in the undisturbed possession of it, he cannot recover damages for a breach of warranty of title or set up want of title in the seller as a defense to an action to recover the purchase price. (*Johnson* v. *Oehming,* 95 Ala. 189, 36 Am. St. Rep. 204, 10 South. 430; *Sullivan* v. *Wooldridge,* 107 Ark. 256, 154 S. W. 508; *Barnum* v. *Cochrane,* 143 Cal. 642, 77 Pac. 656; *Close* v. *Crossland,* 47 Minn. 500, 50 N. W. 694; *Wanser* v. *Messler,* 29 N. J. L. 256; *Cahill* v. *Smith,* 101 N. Y. 355, 4 N. E. 739; *Krumbhaar* v. *Birch,* 83 Pa. 426; *Hull* v. *Caldwell,* 3 S. D. 451, 54 N. W. 100; 1 Williston on Sales, 2d ed., sec. 221; 22 Cal. Jur. 915, 1091.) The rule is emphasized in this state by the provisions of section 8678, Revised Codes: "The detriment caused by the breach of a warranty of the title of personal property sold is deemed to be the value thereof to the buyer, *when he is deprived of its possession,* together with any costs which he has become liable to pay in an action brought for the property by the true owner."

In the absence of any allegation that he was disturbed in his possession of the pipe, the defendant fails to state facts sufficient to constitute a counterclaim for damages or a defense to plaintiff's action to recover the balance of the purchase price.

The second defense sets forth the same facts with reference [6] to the sale and delivery of the pipe and the failure of plaintiff's title. It is then alleged that the defendant "notified plaintiff that, unless plaintiff could satisfy the demands of said Butte Machinery Company, a corporation, and deliver a good and sufficient title to said pipe to defendant, that defendant did not want said pipe and would return said pipe to plaintiff and would require plaintiff to return and repay to defendant the said sum of $500 theretofore paid to plaintiff by defendant, and this defendant thereupon immediately notified plaintiff that he elected to and did rescind said contract of sale and purchase, and offered to return to plaintiff the said 2,840 feet of iron pipe and demanded of plaintiff that he repay to defendant the sum of $500 which defendant had theretofore paid to plaintiff, but said plaintiff refused and ever since has refused to receive back said pipe or repay to defendant the said sum of $500."

The question arises: Do these facts justify a rescission of the contract? We need not go far afield in search of authorities from which to determine under what circumstances a party to a contract may rescind the same, for in this state the subject is regulated by statute. Section 7565, Revised Codes, provides: "A party to a contract may rescind the same in the following cases only: (1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party; (2) if, through the fault of the party as to whom he rescinds, the

consideration for his obligation fails, in whole or in part; (3) if such consideration becomes entirely void from any cause; (4) if such consideration, before it is rendered to him, fails in a material respect, from any cause; or (5) by consent of all the other parties.''

It is apparent at once that, if this pleading can be sustained at all, it must be upon the theory of (a) failure of consideration in whole or in part, or (b) fraud perpetrated by the seller upon the buyer.

(a) The authorities cited above in support of the rule that, until the buyer is disturbed in his possession, he cannot maintain an action for damages against the seller or defend against an action for the purchase price, all proceed upon the theory that until the buyer's possession has been disturbed there has not been a failure of consideration in whole or in part; hence the general rule that a buyer cannot rescind a sale for a breach of warranty of title until he has been disturbed in his possession or otherwise suffered damages. (24 R. C. L. 288.)

The rule is stated concisely in 2 Mechem on Sales, section 1793, as follows: ''It is a fundamental condition, as has been seen, that the seller shall be the owner of that which he attempts to convey. If, therefore, he tenders a chattel to which the buyer knows he has no title, the buyer may reject it, and may recover the price if he has paid it in advance. So if, after the delivery of the goods and the payment of the price, *the buyer is divested by or surrenders to a superior title,* there is likewise a breach of the fundamental condition of the sale—the seller has ignored the contract on his part, and the buyer may treat it as a sufficient ground for the rescission of the contract on his own part.''

It follows that the answer does not state facts sufficient to warrant rescission upon the ground of failure of consideration alone.

Does it state facts sufficient to disclose that the buyer's [7] consent to the sale was procured by the fraud of the

seller, assuming that a representation as to title is a repre-
sentation of a material fact? (26 C. J. 1211.)

The outstanding allegation is that "at the time the sale
was made, the plaintiff [seller] fraudulently represented to
defendant [buyer] that he [the seller] was then the owner and
entitled to sell said pipe, whereas in truth and in fact the
said pipe was not the property of plaintiff, nor was he au-
thorized to sell the same, but said pipe was the property, and
belonged to, the Butte Machinery Company, a corporation."

Section 7479, Revised Codes, declares: "Fraud is either
actual or constructive." Sections 7480 and 7481 provide:

"7480. Actual fraud, within the meaning of this Chapter,
consists in any of the following acts, committed by a party to
the contract, or with his connivance, with intent to deceive
another party thereto, or to induce him to enter into the
contract: (1) The suggestion, as a fact, of that which is not
true, by one who does not believe it to be true; (2) the
positive assertion, in a manner not warranted by the informa-
tion of the person making it, of that which is not true, though
he believes it to be true; (3) the suppression of that which is
true, by one having knowledge or belief of the fact; (4) a
promise made without any intention of performing it; or (5)
any other act fitted to deceive.

"7481. Constructive fraud consists: (1) In any branch
[breach] of duty which, without an actually fraudulent intent,
gains an advantage to the person in fault, or anyone claiming
under him, by misleading another to his prejudice, or to the
prejudice of anyone claiming under him; or (2) in any such
act or omission as the law especially declares to be fraudulent,
without respect to actual fraud."

To make out a case of actual fraud under the provisions of
section 7480, it is necessary that the act of which complaint
is made must be one of those specifically enumerated, and that
it must be committed with intent to deceive the party com-
plaining. It does not aid this answer that the word "fraudu-

lently'' is employed to characterize the representation.  Whether it was made fraudulently depends upon the facts disclosed. The pleading does not go further than to charge that the seller told a falsehood; that is, that he represented that he had title and authority to sell and that the representation was false.  It does not allege that the seller knew that the representation was false, or that it was made in a manner not warranted by the information possessed by the seller, or that it was made with an intent to deceive the buyer, or that the buyer believed it to be true, or that he relied upon it, or that he was deceived by it, or that he was misled to his prejudice.

The leading case in this jurisdiction upon the question now before us is *Butte Hardware Co.* v. *Knox,* 28 Mont. 111, 72 Pac. 301.  In that case the buyer relied upon false representations to defeat an action to recover the purchase price, and this court announced the rule that the answer must disclose with reasonable certainty (a) that certain representations were made by the seller; (b) which the purchaser had a right to rely upon; (c) that the representations were false; (d) that the purchaser believed them to be true; (e) that he relied upon them; (f) was induced by them to make the purchase; and (g) in consequence thereof was injured.  The doctrine of that case has been approved repeatedly and has never been departed from in this state.  (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *Connelly Co.* v. *Schlueter Bros.,* 69 Mont. 65, 220 Pac. 103; *Ray* v. *Divers,* 72 Mont. 513, 234 Pac. 246.)

In 2 Black on Rescission and Cancellation, section 408, it is said: ''A contract for the purchase of personal property will not be enforced against the purchaser, but may be rescinded by him if he was induced to enter into it by fraud practiced upon him by the seller.''  The author then proceeds to state the elements of actionable fraud substantially in the language employed by this court in *Butte Hardware Co.* v. *Knox,* above,

and applies the rule to rescission for breach of warranty of title.

The reason for the rule is manifest. If the purchaser did not believe or rely upon the representations of the seller, or if they did not induce him to enter into the contract, or if he were not injured in any manner, he cannot complain.

The answer fails to state a defense or counterclaim, and the court did not err in excluding the offered evidence.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.