WILSON v. TIHCHEFF.

No. 31864. Nov. 20, 1945.

Rehearing Denied Dec. 18, 1945.

*164 P. 2d 396.*

S. R. Lewis, of Tulsa, for plaintiff in error.

F. V. Westhafer and W. H. Ingersoll, both of Tulsa, for defendant in error.

PER CURIAM. This is an action brought in the court of common pleas of Tulsa county by Chris Tihcheff against Mamie Wilson to recover on a series of promissory notes aggregating $300, and to foreclose a chattel mortgage given to secure the same. Defendant in her answer pleaded a counterclaim in which she alleged that the notes in question were given for the purchase price of certain cafe furniture and fixtures and that the mortgage relied on was also executed on such property; that plaintiff thereafter entered the cafe and wrongfully seized a portion of such furniture of the value of $110.50 and converted the same to his own use, and further pleaded that plaintiff, at the time of the sale of the property, represented that there were no taxes due and owing by plaintiff on said property; that the same was free and clear of all tax liens; that such representation was false; that there was a sales tax assessed by the Oklahoma Tax Commission upon the sale of such property in the sum of $9 and that she was compelled to and did pay the same; that plaintiff owed other taxes, county, state and federal, in an undetermined amount which constituted liens against the property at the time of the sale, and further pleaded that she was entitled to credit against said notes for the value of the property converted in the sum of $110.-50 and for the further sum of $9 sales tax paid and that she should have further credits against the notes in such amount as the evidence showed was due and owing by the plaintiff for other taxes and which constituted liens against the property at the time of the sale.

Plaintiff demurred to this answer and counterclaim, which was by the trial court sustained and judgment rendered in favor of the plaintiff. Defendant appeals and assigns this rule as error.

It is the contention of plaintiff that the matters and things pleaded in the answer of defendant do not constitute a proper counterclaim for the reason that defendant was therein attempting to set off a tort against a suit on contract, and that the alleged tort did not rise out of the transaction set forth in the petition as the foundation of plaintiff's claim nor was it connected with the subject of the action. We do not agree. The subject of the action consists of the notes and mortgage sued on. The sale of the property constituted the transaction connected with the subject of the action and out of which the notes and mortgage arose.

A portion of this property covered by the mortgage and for which the notes were given under the allegation of the answer and counterclaim was converted by plaintiff to his own use. The value of the property so converted, therefore, could properly be pleaded by defendant in defense of the action as a counterclaim. 12 O. S. 1941 § 273.

In Harris Buick Co. v. Bryant, 108 Okla. 117, 233 P. 752, it is said:

"In an action on a note and mortgage, the holder of note and mortgage secures a void judgment and issues a void execution thereon, seizing and selling the mortgaged property; in a subsequent trial of the same action, *held,* the maker of the note and mortgage may plead a conversion of the mortgaged property as a counterclaim."

What is there said applies here and sustains the right of the defendant to

plead the alleged conversion as a counterclaim.

Defendant, however, is not entitled to recover from plaintiff under her counterclaim the amount of sales tax paid by her to the Oklahoma Tax Commission. The plaintiff, upon the sale of the property, was liable to the Oklahoma Tax Commission for a sales tax. 68 O. S. 1941 § 1251c. Under section 1251i it was his duty to pass the tax on to the defendant, to collect from her and remit to the Oklahoma Tax Commission. Defendant under the statute was liable to plaintiff for the tax. The mere fact that it was paid by her to the Tax Commission instead of plaintiff is immaterial. She cannot recover the amount so paid from the plaintiff. Neither can defendant recover on her counterclaim the amount of miscellaneous taxes claimed to be due and owing by plaintiff and which it is alleged constituted liens against the property at the time of the sale, in the absence of a showing that she has been paid such taxes or has in some manner been disturbed in her possession of the property by virtue of the tax liens. The answer and counterclaim failed to allege that she paid such taxes or that she has been disturbed in possession of the property by virtue of the liens. In the absence of such allegation defendant could recover no more than nominal damages In the case of Perkins v. Good, 179 Okla. 405, 65 P. 2d 1218, we held:

"Breach of covenant against incumbrances gives covenantee a right to nominal damages only when he has made no actual expenditure in the extinguishment or removal of the incumbrances and has not been disturbed in his possession by reason of such incumbrances."

While the above case relates to the breach of a covenant against incumbrances contained in a general warranty deed upon the sale of real property and is based on 23 O. S. 1941 § 26, the same rule applies in respect to representations against tax liens upon the sale of personal property under the provisions of section 33 of said Title. In the case of Courtney v. Gordon, 74 Mont. 408, 241 P. 233, the Supreme Court of Montana said:

"In this country it is the general rule that, so long as the buyer of personal property is in the undisturbed possession of it, he cannot recover damages for a breach of warranty of title or set up want of title in the seller as a defense to an action to recover the purchase price. Johnson v. Oehmig, 95 Ala. 189, 10 So. 430, 36 Am. St. Rep. 204; Sullivan v. Wooldridge, 107 Ark. 256, 154 S. W. 508; Barnum v. Cochrane, 143 Cal. 642, 77 P. 656; Close v. Crossland, 47 Minn. 500, 50 N. W. 694; Wanser v. Messler, 29 N. J. Law, 256; Cahill v. Smith, 101 N. Y. 355, 4 N. E. 739; Krumbhaar v. Birch, 83 Pa. 426; Hull v. Caldwell, 3 S. D. 451, 54 N. W. 100; 1 Williston on Sales (2d Ed.) sec. 221; 22 Cal. Jur. 915, 1091. The rule is emphasized in this state by the provisions of section 8678, Revised Codes:

" 'The detriment caused by the breach of a warranty of the title of personal property sold is deemed to be the value thereof to the buyer, when he is deprived of its possession together with any costs which he has become liable to pay in an action brought for the property by the true owner.'

"In the absence of any allegation that he was disturbed in his possession of the pipe, the defendant fails to state facts sufficient to constitute a counterclaim for damages or a defense to plaintiff's action to recover the balance of the purchase price."

It will be noticed that section 8678 of the Montana Code is identical with section 33 of our statute, supra. The reasoning of this case is, therefore, particularly applicable to the case at bar. See, also, vol. 46 Am. Jur. p. 578, § 407; Miller Hotel Co. v. Gorman, 194 Iowa, 751, 190 N. W. 524.

The answer and counterclaim as to the tax items failed to state a cause of action for the recovery of the amount claimed. The trial court, however, for the reasons stated, erred in sustaining the demurrer to defendant's answer.

246

The judgment is reversed and the cause remanded, with directions to overrule the demurrer and for further proceedings not inconsistent with the views herein expressed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.