KENNEDY, Respondent, v. HASSELSTROM, Appellant.

(166 N. W. 231.)

(File No. 4046.   Opinion filed February 5, 1918.)

1.   Sales—Personalty Sale—Recovery of Price Paid—Failure of
      Title, Fraud Deceit, Concerning—No Rescission, Effect  re

Recovery—Warranty, Whether Involved—Recovery, Owner's Right to Possession as Affecting—Findings.

Where, in a suit to recover price paid for personalty, the complaint alleging an offer to rescind and refusal by defendant to accept return of the property, and contained essential allegations of suit for damages caused by defendant's fraud and deceit in making false representations that defendant was its owner; trial court having found the facts accordingly, and that since commencement of suit, defendant having refused rescission, and having declined to return the purchase price, plaintiff abandoned and surrendered possession thereof, and concluded plaintiff was entitled to recover full purchase money "for and as money procured by fraud and false and fraudulent pretenses," and rendered judgment therefor reciting that such money "was procured by defendant from plaintiff by fraud," etc., held, (1.) that when suit was brought there had been no accomplished rescission of the purchase, and the judgment cannot therefore be sustained upon ground that, having rescinded, plaintiff was entitled to recover purchase money; (2) nor can judgment be sustained as one based upon implied warranty of title, plaintiff not having been deprived of possession (Civ. Code, Sec. 2304); (3) plaintiff was entitled to recover damages for false representations as to title, his right of recovery not being dependent upon recovery of possession from plaintiff by true owner; therefore the findings supported the judgment.

2.   Same—Partial Failure of Title to Personalty—Vendor's False Representations—No Rescission—Damages, Measure of.

Where, in a suit to recover purchase price paid for personalty, based upon false representations of defendant vendor as to ownership thereof, there having been no rescission of the sale, and none was prayed for or granted, the proof showing that defendant was owner of part of the property when sold, the consideration being indivisible, held, that the measure of recovery was the purchase price less value of that property title to which would pass to purchaser; whereas had there been rescission prior to suit, it would have been complete, and then recovery of full purchase price could have been had, as would also have been true if rescission had been asked for and decreed.

3.   Same—Failure of Title to Personalty—Recovery of Purchase Price—Finding of Plaintiff's Surrender of Possession, Necessity of re Recovery.

Where, in a suit to recover purchase price of personalty, on ground of failure of title and of fraud and deceit of defendant in representing himself as owner of the property, findings of such facts, and that since suit commenced, defendant having refused

to agree to rescission of sale and having declined to return purchase price paid, "plaintiff abandoned and surrendered possession thereof and has at no time since asserted possession or control of same," **held**, that the findings are not supported by the evidence, there being none that, even after suit brought, defendant surrendered possession of wire purchased, being part of the personalty sold, and title to which was in defendant at time of sale; that the value of the wire should be found by trial court and deducteed from the judgment.

Smith, J., dissenting.

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Austa Kennedy, against A. F. Hasselstrom, to recover purchase price paid by plaintiff for certain personalty purchased of defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and remanded for further proceedings.

*Schrader & Lewis,* for Appellant.

*Frank D. Bangs,* for Respondent.

(1) To point one of the opinion, (subd. 1), Appellant cited: Connor v. Henderson, 15 Mass., 319; Strong v. Strong 102 N. Y., 69. To subd. 2; Bowen v. Manderville, 95 N. Y., 237; and cases cited in the text; 6 Ruling Case Law, 932, Sec. 316, and cases cited in the notes.

Respondents cited (to subd. 3): 10 Enc. Proc. 37 (II) ; 35 Cyc 606 (2) ; Chaney v. Dickinson, 172 Fed. 109; 20 Cyc. 91 (2) ; Williston On Sales, 1088 (649 and cases there cited) ; Potter vs. Faggart (Wis.) 11 N. W. 678; Montgomery v. McLaury, 143 Cal. 83, 76 Pac. 964; Sprague v. Taylor, 20 Atl. 612; Gessner v. Horne (N. D.) 132 N. W. 431; Brandt v. Frederick, (Wis) 11 L. R. A. 199.

WHITING, P. J. By plaintiff's original complaint, she sought to recover the price she had paid for certain personal property purchased of defendant, basing such claimed right of recovery on an alleged rescission of the purchase. Her amended complaint, while containing an allegation of an offer to rescind and a refusal of defendant to accept a return of the property purchased, contained all the essential allegations of an action for damages caused by fraud and deceit. Such alleged fraud and deceit consisted in false representations that defendant was the owner of the

property. The trial court found all of the allegations of the amended complaint to be true; and also that:

"Since the commencement of this action the defendant having refused to agree to a rescission of the said sale and having declined to return to the plaintiff the said $440 or any part thereof, and the said personal property being then in substantially the same condition and of the same value as at the time of the pretended sale thereof by the defendant to plaintiff in February, 1914, plaintiff abandoned and surrendered the possession thereof, and has at no time since then asserted any possession or control of the same."

The trial court concluded that plaintiff was entitled to recover the full purchase money, "for and as money procured by fraud and false and fraudulent pretenses"; and rendered judgment therefor, which judgment recited that such money "was procured by the defendant from the plaintiff by fraud and by means of false and fraudulent pretenses." From such judgment and an order denying a new trial this appeal was taken.

[1-3] It is clear that, when this action was brought, there had been no accomplished recission of the purchase. The judgment herein cannot therefore be sustained upon the ground that, having rescinded, plaintiff was entitled to recover the purchase money. Neither can the judgment be sustained as a judgment based upon the implied warranty of title because plaintiff had never been deprived of the possession of the property. Section 2304, C. C. But plaintiff was entitled to recover damages for the false representations as to title, and his right of recovery was in no respect dependent upon any recovery of possession from her by the true owner. Hull v. Caldwell, 3 S. D. 451, 54 N. W. 100. It follows, therefore, that the findings support the judgment.

We find no reversible error in the rulings upon the admission of evidence, nor any questions raised upon such rulings as meriting discussion.

[4] The only further question for consideration arises upon the assignment that the evidence does not support the findings that defendant was not the owner of any of the property. It is clear that plaintiff's recovery for damages caused by the false representations as to title must be limited by the amount of property to which defendant did not have title—plaintiff cannot

recover the value of any property the title to which did pass to her from defendant when there had been no recission. Of course, if there had been a recission prior to suit brought, the situation would be different. In that case the consideration being, as in this case, indivisible, there could have been a complete recission and then a recovery of the whole purchase price. The same would have been true if recission had been asked for and decreed; with such decree there could have been joined a judgment for recovery of purchase price. But where the only recovery is one for damages based on false representations as to title of property purchased, and the representations were true as to some property, then, there having been no rescission or there being no recissions prayed for or granted, there must be credited against the total purchase price the value of that property title to which did pass to the purchaser. Among the property included in the transaction between these parties was certain wire fencing, a part of which was on government land that had been rented by defendant. Title and possession of such wire passed to plaintiff. The above-quoted finding is not supported by the evidence, there being no evidence that, even after suit brought, defendant ever surrendered possession of this wire. The value thereof should have been found by the trial court and deducted from the amount of the judgment rendered. There is no evidence from which we can determine the value of this wire, thus permitting a modification of th judgment by this court.

The judgment and order are reversed without costs to either party; and the cause is remanded to the trial court for further proceedings in harmony with this opinion.

SMITH, J. (dissenting). I cannot concur in the views of my Associates in this case. The complaint contains every allegation essential to a recovery of the purchase price of property in assumpsit, upon a rescission of a contract for fraud, and the trial court found every fact which in law is essential to such a recovery. The majority opinion holds, in effect, that where the plaintiff has offered to return everything received under a fraudulent contract—in short, to do every act necessary to complete a rescission—there has been "no accomplished rescission of the purchase." If this means anything it means that the refusal of a dishonest defendant to accept a return of the property "de-

feats the accomplishment of a recission." A conclusion founded upon such a misconception of the law cannot be correct. The majority opinion, however, reaches the right result, because of the fact shown by the record, that plaintiff, after offering to return it, continued to use the property and to exercise acts of ownership over it, which acts constituted a waiver of the rescission. Mizell v. Watson, 57 Fla. 111, 49 South, 149.

My majority Associates I think are wrong in assuming, in the face of the pleadings and findings of the trial court, that the action, was, or could be transformed into, an action for damages for deceit, and then holding the evidence insufficient to sustain a recovery. The complaint alleges the making of the contract; that plaintiff was induced to enter into it by false representations stated, and "that promptly upon the discovery of the falsity of such representations, this plaintiff offered to rescind the said purchase and tender back to the defendant all of the said personal property, and demanded of him that he should repay to this plaintiff the said sum of four hundred forty (440) dollars, but the defendant wrongfully, wilfully, and fraudulently refused, and still refuses, to receive back the said personal property, or to repay the said money to this plaintiff," and alleges as her damages the amount paid as the purchase price of the property.

The answer denies the fraud and the offer to rescind. The trial court found that the representations alleged were falsely and fraudulently made by defendant, and that plaintiff was induced thereby to enter into the contract, and "that promptly upon the discovery of the falsity of such representations with reference to the said personal property and the fertile agricultural lands above mentioned plaintiff offered to rescind the said purchase, and tendered back to the defendant all of the said personal property, and demanded of him that he should repay to the plaintiff the said sum of $440, but the defendant wrongfully, fraudulently, and unlawfully refused, and still refuses, to receive back the said personal property, or to repay the said money to the plaintiff," and that plaintiff was entitled to recover $440, the purchase price, with interest at 7 per cent. from the date it was paid to defendant. If this is not an action, as in assumpsit founded upon a rescission of a fraudulent contract, for recovery of the purchase price, as disclosed both by the pleadings and the findings

of the trial court, I must confess dense ignorance as to what such an action is. Nor do I see any necessity whatever for deciding a case upon, and adopting in this court, a theory which plainly was not in the pleadings of the parties, nor in the mind of the trial court.