OELS, RESPONDENT, v. HELENA AND LIVINGSTON SMELTING AND REDUCTION COMPANY, APPELLANT.

CHANGE OF VENUE—*Pleading.* —In an action for personal injuries sustained by an employee of a railroad company, a change of venue will not be granted to the county of defendant's residence, where the complaint averred that the railroad upon which plaintiff was employed was lying within a particular county, and, at the time of the injury, the plaintiff was in the service of the defendant upon said railroad, as such averments sufficiently state the county in which the contract of employment was to be performed under section 59 of the Code of Civil Procedure, providing that "actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this act."

*Appeal from Fifth Judicial District, Jefferson County.*

Defendant's motion for a change of venue was denied by GALBRAITH, J.

*Cullen, Sanders & Shelton,* for Appellant.

In actions against corporations the principal place of business of the corporation is its residence, and the action should be brought there. (*Jenkins* v. *California Stage Co.* 22 Cal. 537; *Hubbard* v. *Nat. Pro. Ins. Co.* 11 How. Pr. 149; *Pond* v. *Hudson River R. R. Co.* 17 How. Pr. 543.)

This is an action on a contract, and if there were any doubt upon the question, the fact that the summons contains the notice required by statute in cases founded on contract is conclusive of the intention of the respondent to found his action on contract instead of tort. (*Supervisors* v. *Decker,* 30 Wis. 624; S. C. 34 Wis. 378; *Ledwich* v. *McKim,* 53 N. Y. 316.)

The action being upon contract, it could only be tried in the county where the contract was to be performed, when by the express terms of the contract the performance was to take place

in Jefferson County, which of course does not appear to be the case in this action. (*Yore* v. *Murphy, ante,* p. 304; *Hunt* v. *Bratt,* 23 Iowa, 171; *McDaniels* v. *Wheeler,* 64 Iowa, 678; *Wright etc. Manuf. Co.* v. *Kleigel,* 70 Iowa, 578.) Therefore the motion for a change of venue in this case should have been granted.

*R. G. Davies,* for Respondent.

The court did not commit any error in overruling appellant's motion for change of venue, because plaintiff's complaint showed clearly that the action was upon a contract which was to be performed in the county of Jefferson, and even if this is not shown by the complaint, it was incumbent upon the defendant to show, upon its motion, that the contract was not to be performed in the county of Jefferson, which it has wholly failed to do. (*Chase* v. *South Pacific R. R.* 83 Cal. 468; *Tillinghast* v. *King,* 6 Cowen, 591.) The presumption is always that the action is brought in the proper county. (*Cal. & S. R. R.* v. *Southern Pacific R. R.* 65 Cal. 394; *Richardson* v. *Burlington etc. R. R. Co.* 8 Iowa, 260.)

No motion or demand appears to have been filed at all, or copy thereof served upon plaintiff or his attorneys. (*Elam* v. *Griffith,* 19 Nev. 492.)

HARWOOD, J.—This appeal is from an order made by the District Court of the Fifth Judicial District, within and for Jefferson County, denying appellant's motion for a change of the place of trial from said county to the county of Lewis and Clarke. For the purposes of this appeal it is admitted that defendant is a corporation, and has its principal place of business at the city of Helena, county of Lewis and Clarke.

The cause of action alleged in plaintiff's complaint is to the effect that at a stated time defendant was the owner and in control of a certain railroad lying within the county of Jefferson, used by defendant for the transportation of ores over the same from its mines to its smelter; that plaintiff was in the employment of defendant as brakeman upon certain cars drawn upon and over said railroad by steam motive power; that while in such employment, and in the performance of his duty as such

brakeman, through the negligence and carelessness of defendant, and without fault or negligence on the part of plaintiff, he received certain bodily injuries, which are set forth and described, whereby he alleges that he was damaged in the sum of twenty thousand dollars.   Defendant filed a demurrer to plaintiff's complaint, and an affidavit of merits, setting forth, among other things, the fact that defendant is a resident of the county of Lewis and Clarke, and was there served with summons in this action; and, upon the facts set forth, demanded that the place for the trial of said action be changed to the county of Lewis and Clarke.

It is provided in section 61 of the Code of Civil Procedure that "if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands in writing that the trial be had in the proper county." Plaintiff's counsel in his brief urges the point that such demand was not made at the time of filing the demurrer, and for that reason the motion for change was properly overruled.   But the record does not show when the affidavit of merits and demand for change was filed.   Nor is there any showing that the motion for change of place of trial was overruled on the ground that the demand was made too late.   It is also admitted by counsel that said affidavit and demand, as well as the other papers contained in this record, were used on the hearing of defendant's motion for a change.   For these reasons we do not pass upon that point, but will consider the main question as to the right of defendant to the change demanded.

It is provided in section 59 of the Code of Civil Procedure, that "actions on contract may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this act." Counsel for appellant contends that, in view of the peculiar language of the complaint in this action, it must be held to be an action for the breach of a contract relation, and that it does not appear by the terms of the contract, as set forth, where the same was to be performed, and therefore the change demanded

should be granted.   It clearly appears from the complaint that a contract relation of employer and employee existed between plaintiff and defendant, and the complaint also shows that the contract of employment and service was to be performed in Jefferson County.   It is alleged that the railroad upon which defendant was employed was "lying within the county of Jefferson," and that plaintiff, at the time of the injury complained of, "was in the employment of the defendant as brakeman upon certain cars propelled by steam upon said railroad;" and that, while plaintiff was performing his duty "upon a car in the service of defendant upon said railroad," the alleged injury occurred.

We do not agree with the learned counsel for defendant, that it does not appear from the language of the complaint where the contract set forth therein was to be performed.   If plaintiff was employed by defendant in the capacity of brakeman upon its railroad, "lying within the county of Jefferson," the contract for service must be performed in Jefferson County.   Then the injury alleged, and for which plaintiff demands the payment of damages, is also averred as having been committed in Jefferson County.   This is an example of those cases of which Mr. Bishop remarks: "There is in the legal field a not well-defined space, within which tort and contract mingle or blend or overlie each other, in ways partly plain and familiar and partly obscure." (Bishop's Non-Contract Law, § 72; Bishop on Contract, §§ 183–187, 216, 228.)   But in whatever view counsel may regard this action as respects its nature, we do not think defendant is entitled to a change of place of trial on the grounds presented. It is unnecessary to pass upon the point presented, as to the residence of a corporate existence; for should we hold as contended by defendant, still it would not be entitled to a change of place of trial on the ground of residence, for the reasons above set forth.   The order appealed from is affirmed, with costs.

BLAKE, C. J., and DE WITT, J., concur.