STATE EX REL. COBURN, RELATOR, *v.* DISTRICT COURT
ET AL., RESPONDENTS.

(No. 2,842.)

(Submitted March 19, 1910.  Decided April 2, 1910.)

[108 Pac. 144.]

*Contracts of Employment—Place of Payment—Venue—Prohibition.*

Contracts—Place of Payment.
  1.   In the absence of an agreement on the subject, a debt is payable
  where the creditor resides, or wherever he may be found.
Same—Intent of Parties.
  2.  ' What was actually intended by the parties to an agreement at
  the time they entered into it becomes as much a part of it as if
  express provision had been made therefor, if there is not any-
  thing in the contract inconsistent therewith.
Same—Place of Performance—Venue—Prohibition.
  3.   The complaint, in an action for wages due, did not in terms al-
  lege that under the contract of employment the services were to be
  performed and payment made for them in B. county; it did set
  forth, however, that the mine, in which plaintiff alleged he ren-
  dered them, was situated in that county, and that upon their rendi-
  tion defendants became plaintiff's debtors. Defendants interposed
  a demurrer, and asked for a change of venue to the county of their
  residence.   This motion was denied.  Section 6504, Revised Codes,
  provides that an action on a contract may be tried in the county in
  which the contract was to be performed.  *Held*, under the record as
  made on application for writ of prohibition to restrain the district
  court from retaining jurisdiction, that the parties must have intended
  that the contract should be construed in the light of the rule stated
  in paragraph 1 above, and that the entire contract, including the
  making of payment, should be performed in B. county, and that there-
  fore, under section 6504 above, the cause was properly triable in that
  county.

APPLICATION by the state, on the relation of Wallace Coburn,
for writ of prohibition, against the district court of the ninth
judicial district in and for the county of Broadwater and Hon.
W. R. C. Stewart, Judge thereof.  Dismissed.

Messrs. *Galen & Mettler,* and Mr. *W. D. Tipton,* submitted a
brief in behalf of Relator.  Mr. *Tipton* argued the cause orally.

In behalf of Respondents there was a brief and oral argu-
ment by Mr. *John A. Mathews.*

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In December last John J. Warren commenced an action in the district court of Broadwater county against Wallace Coburn and others to recover wages for work and labor done by Warren and the others, whose claims had been assigned to him. The complaint in that action alleges that the defendants were engaged in operating the Silver Wave mine in Broadwater county. The claim asserted by Warren for wages earned by him individually is typical of all. In that respect his complaint alleges that at the Silver Wave mine, in Broadwater county, and at the special instance and request of the defendants, he performed 104½ days' work, as a miner, for the defendants, at the agreed price of four dollars per day, less one dollar per day for board. Service of summons was made upon defendants Wallace Coburn and Larssen, in Lewis and Clark county. Those two and defendant Templeton appeared by demurrer, and also filed a motion asking the court to change the place of trial to Lewis and Clark county, on the ground that none of the defendants reside in Broadwater county, that all of them were served with summons in Lewis and Clark county, and that defendants Wallace Coburn and Larssen are residents of the last-named county. This motion recites that it is made upon the affidavit annexed thereto. The only affidavit appears to be one by defendants Wallace Coburn and Larssen, to the effect that each was served with summons in Lewis and Clark county, and that each was, at the time of the commencement of the action, ever since has been, and now is, a resident of Lewis and Clark county. The district court denied the motion, and directed the defendants to answer. Application was thereupon made in this court for a writ of prohibition, restraining the district court from proceeding further in the action. The alternative writ was issued, and the district court appeared by answer, which merely sets forth the proceedings had in the lower court, more in detail, but does not raise any material issue of fact. The matter was thereupon submitted to this court for determination.

We do not decide that prohibition is an available remedy in an instance of this kind. That question was not raised nor argued in this court. The only question submitted was: Was the contract for the breach of which Warren sued to be performed in Broadwater county?

Section 6504, Revised Codes, provides: "Actions upon contracts may be tried in the county in which the contract was to be performed." It will be observed from the statement above that the complaint does not in terms allege that the contract of employment was made or was to be performed in Broadwater county; but it does disclose that the place of employment was in that county, that the services were rendered there, and that defendants thereupon became debtors to plaintiff and his assignors for the wages earned. Under these circumstances we think the rule running through the law of contract generally, except with reference to negotiable promissory notes, should be invoked, viz.: "It is the duty of the debtor to find the creditor and make tender to him, and not the duty of the creditor to find the debtor and make demand for payment." (3 Page on Contracts, sec. 1420; Hughes on Tender, sec. 312.) It has been the rule in England for centuries that, where the place of payment is not specified, the debtor must seek his creditor, if within the "four seas," and make tender to him. (Sheppard's Touchstone, sec. 136; 2 Story on Contracts, sec. 1329.) The same rule is announced by other authorities, as follows: "In the absence of any agreement upon the subject, a debt is payable where the creditor resides, or wherever he may be found; and ordinarily the debtor in such case is bound to seek the creditor to make payment to him, provided the creditor is within the state when the payment is due." (30 Cyc. 1185.) "If no place for the payment of a money obligation is specified, the debtor is required to seek the creditor and make payment to him personally." (22 Am. & Eng. Ency. of Law, 2d ed., 533.)

If at the time this contract of employment was entered into there was not any place of payment mentioned, the parties will be held to have intended that the contract should be construed

in view of the rule of law above, and what was actually intended becomes as much part of the agreement as any express provision, if there is not anything in the contract inconsistent therewith. In other words, in the absence of anything more specific than appears from this record, we hold that the entire contract was to be performed at the mine in Broadwater county, and that the parties to the agreement never contemplated that the men engaged in daily labor at the mine should have to go to some other county to collect their wages. (See, also, *Bank of Yolo* v. *Sperry Flour Co.*, 141 Cal. 314, 74 Pac. 855, 65 L. R. A. 90.)

The trial court properly denied the motion for a change of venue, and these proceedings are therefore dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.