STATE EX REL. INTERSTATE LUMBER CO., RELATOR, *v.*
DISTRICT COURT ET AL., RESPONDENTS.

(No. 4,212.)

(Submitted April 22, 1918.   Decided May 1, 1918.)

[172 Pac. 1030.]

*Supervisory Control—Change of Venue—Actions on Contracts—*
*Statutory Construction.*

Actions on Contracts—Venue—Statutes and Statutory Construction.
1.   Under the rule of statutory construction requiring every word, clause
and sentence of a statute to be given effect, if possible, to the end that
the different provisions thereof may be made consistent and harmonious
and each assigned an intelligent meaning, *held*, that the last sentence
of section 6504, Revised Codes, should be read to mean that actions
upon contracts *must* (not *may*) be tried in the county in which the
contract was to be performed, and actions for torts in the county where
the tort was committed.

Statutory Construction—Exceptions.
2.   Where it is apparent that the legislature intended to make an excep-
tion to a general statutory provision, the words must be so construed
even though not expressed technically in the form of an exception.

Venue—Motion for Change—When to be Made.
3.   A motion for a change of venue on the ground that the action was
not commenced in the proper county must under section 6505, Revised
Codes, be made by defendant upon his first appearance.

   [As to change of venue, see note in 74 **Am. Dec.** 241.]

Same—Supervisory Control—Writ Lies, When.
4.   In the absence of an appeal from an order directing the
erroneous transfer of a cause to another county for trial on motion of
defendant, and neither *mandamus, certiorari,* nor prohibition being avail-
able, supervisory control lies to review the order.

Original application for writ of supervisory control by the
State on the relation of the Interstate Lumber Company against
the District Court of the First Judicial District in and for the
County of Lewis and Clark, and R. Lee Word, a Judge thereof,
to annul an order directing the transfer of a cause to the Dis-
trict Court of Silver Bow County.   Order annulled.

*Mr. Henry C. Smith,* for Relator, submitted a brief and argued
the cause orally.

*Mr. W. D. Rankin* and *Mr. R. L. Dick,* for Respondents, sub-
mitted a brief; *Mr. Dick* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On February 11 of this year the Interstate Lumber Company, a Montana corporation, brought an action in the district court of Lewis and Clark county against Jake Tyanich to recover the sum of $130.08, the agreed price of lumber sold and delivered to him between March 29 and April 18, 1916, with interest thereon from the latter date. The defendant appeared in the action by a general demurrer. At the same time he filed a motion asking that the cause be transferred to Silver Bow county for trial, on the ground that at the time the action was commenced and he was served with summons he was a resident of that county. The motion was supported by his own affidavit disclosing the fact of his residence in Silver Bow county and the service of summons there. The plaintiff, not controverting these facts, resisted the motion on the ground that the contract was made in Lewis and Clark county and was to be performed there, and hence that it had the right to bring the action and have it tried in that county. To support this contention it presented an affidavit by Albert Neider, its general manager, which disclosed these facts: That at the time the sale was made, the defendant was engaged in mining near Helena, in Lewis and Clark county; that the lumber was sold to him by the plaintiff at its place of business in Helena and was delivered to him at his mine; and that he used the same in the erection of a building on his mining ground, where the said building now is. The statements contained in this affidavit are not controverted. The court overruled plaintiff's contention and ordered the cause transferred to Silver Bow county. Thereupon the plaintiff made application to this court for an order under its supervisory power, annulling the order transferring the cause and requiring the court to retain it for trial in Lewis and Clark county. In response to an order to show cause issued by this court, the district court appeared by counsel and moved to quash it and dismiss the application upon several grounds, all of which present the same question, *viz.,* whether, upon the facts stated in the

petition heretofore recited, the relator is entitled to the relief demanded. The proceeding was thereupon submitted for decision.

Sections 6501–6503, inclusive, of the Revised Codes, designate in what county an action for any of the causes therein enumerated must be tried, subject to the power of the court to change the place of trial as elsewhere in the Codes provided. Section [1] 6504 provides: "In all other cases, the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed; and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial, as provided in this Code."

The first sentence of this section is general in its terms and but for the last sentence in it, would apply to any action whatsoever for a cause other than one of those enumerated in some one of the preceding sections. The place of trial is therein made to depend upon the residence or whereabouts of the defendant at the time the action is commenced. The last sentence, however, excepts out of the application of this general provision, actions upon contract and actions for torts, and requires the place of trial in these cases to be determined by considerations wholly apart from the residence or whereabouts of the defendant. In the one case, the place of trial is determined by an answer to the inquiry: Where was the contract to be performed? And in the other: Where was the tort committed? The use of the permissive auxiliary "may" instead of "must," expressive of obligation or necessity, used in the first sentence, becomes of no significance when we note that under section 6505 an action

for any cause may lawfully be tried in any county unless the defendant asks for a change to the proper county as therein provided. If it should be assigned a permissive force only, it would render the sentence meaningless. This would be in violation of the general rule of construction applicable, *viz.,* that in construing a statute, every word, clause and sentence must be given effect, if it is possible to do so, to the end that its different provisions may be made consistent and harmonious and each be assigned an intelligent meaning (*State ex rel. Anaconda C. M. Co* v. *District Court,* 26 Mont. 396, 68 Pac. 570, 69 Pac. 103; *Stadler* v. *City of Helena,* 46 Mont. 128, 127 Pac. 454; 36 Cyc. 1128). On the other hand, if it be given the same force as that of the auxiliary *must,* the sentence becomes harmonious and consistent with the rest of the section and thus expressive of a definite intention of the legislature in enacting it, to except out of the scope of the general statement in the first sentence the two classes of cases mentioned. We therefore hold that it should be [2] given the force of *must.* True, the sentence is not expressed technically in the form of an exception, but mere form of expression is not important when the purpose intended and sought to be accomplished by the legislature is ascertainable and made reasonably certain by applying the rule of construction referred to. (36 Cyc. 1106, 1107.)

To determine, then, whether an action in either of these two classes has been commenced in the proper county, the only question the court may consider and determine is where in the one case the contract was to be performed, or, in the other, where the tort was committed. As will appear below, our own decisions are not in harmony, but in two of them at least this court impliedly adopted the construction we have given the last sentence of the section, by refusing to recognize the residence of the defendant as a material consideration. (*Oels* v. *Helena & Livingston Smelting & R. Co.,* 10 Mont. 524, 26 Pac. 1000; *State ex rel. Coburn* v. *District Court,* 41 Mont. 84, 108 Pac. 144.) The first of these cases was an action for damages for an injury sustained by an employee of a corporation doing business in

Jefferson county. The defendant moved to have the action transferred for trial to Lewis and Clark county, on the ground that at the time it was commenced defendant was a resident of Lewis and Clark county and had been served with summons there. The district court overruled the motion. This court, after expressing a doubt whether the cause of action arose out of contract or tort, held that this inquiry was wholly immaterial, because it appeared that, if it arose out of contract, the contract was to be performed in Jefferson county, and if out of tort, that the tort had been committed there, and that the motion was properly denied. The second case was an application to this court for a writ of prohibition to restrain the district court of Broadwater county from proceeding further in an action brought by plaintiff to recover wages for work and labor done for the defendant in that county, after it had denied the motion of defendant asking that the cause be transferred to Lewis and Clark county, the place of his residence. This court held that the place of performance of the contract determined the place of trial, and, since it appeared that it was to be performed—that is, payment was to be made—in Broadwater county, the proper place of trial was in that county. The writ was accordingly denied. It is not controverted that the contract in question here was made in Lewis and Clark county and that it was to be performed— that is, payment was to be made—by defendant at the plaintiff's place of business there. Hence these cases directly sustain the relator's right to have the action tried in Lewis and Clark county, subject, however, to the power of the court to order it transferred to some other county for one of the reasons enumerated in one of the last three subdivisions of section 6506.

Counsel for defendant cites and relies upon three other decisions of this court, assuming that they fully sustained the order of transfer made in this case. We concede that they do, but hold that they are based upon a misconception of the intention of the legislature in formulating the statute. These are: *Wallace* v. *Owsley,* 11 Mont. 219, 27 Pac. 790, *McDonnell* v. *Collins,* 19 Mont. 372, 48 Pac. 549, and *Bond* v. *Hurd,* 31 Mont. 314, 3

Ann. Cas. 566, 78 Pac. 579. The first was an action on an account for goods, wares and merchandise sold and delivered to defendant in Lewis and Clark county. The court held that since it did not appear from the complaint where the contract was to be performed and the affidavits of the respective parties were in conflict, the district court erred in refusing to order a transfer of the action for trial to Silver Bow county, the place of defendant's residence—thus bringing the case within the general provision of the statute, instead of within the scope of the exception. The second was also an action on an account. No inquiry was made as to where the contract was to be performed. The court held that the action should be transferred from Fergus county, where it had been commenced, to Cascade county, on the sole ground that the defendants resided and had been served with summons in that county. In the third case, the complaint contained three causes of action on contract, the first and second of which were on open accounts, the allegations in the third count leaving it doubtful whether it was upon an open account or upon an express contract. The action had been begun in Beaverhead county, where the plaintiff resided. The defendant resided and had been served with summons in Valley county. The district court of Beaverhead county denied defendant's demand for a change of place of trial to Valley county. On appeal to this court the final judgment was reversed on the ground, among others, that the court erred in refusing to transfer the action. Incidentally it expressed the opinion that the last sentence of section 6504 applies to actions on express contracts only and does not include actions on implied contracts. This was clearly erroneous. The term ''contract,'' as used in the statute, not being limited in meaning either by the context or by any qualifying word, must be accepted in its broadest signification and as including every kind of contract, whether express or implied. The error in these decisions was doubtless due to a lack of careful attention by court and counsel to the statute. They were all based upon decisions by the supreme court of California construing the statute of that state, our

court evidently having overlooked the purport of the last sentence of the section of our own statute which is not found in the corresponding section of the California statute. (Cal. Code Civ. Proc., sec. 395.) We improve this opportunity to call attention to them so that the confusion resulting from them may be cleared away.

We think we have noticed all the decisions which are not in harmony with the conclusion herein expressed. So far as they are not, they are specifically overruled.

The contention is made by counsel for the defendant court that a defendant in the particular action has the right to have his motion for a change of place of trial determined upon the condition in which the action is at the time he first appears [3] therein. It is true that the motion, to be available on the ground that the action has not been commenced in the proper county, must be made by defendant upon his first appearance (sec. 6505, Rev. Codes). It is true, also, that he may not be defeated in his motion by a counter-motion by plaintiff upon a ground that would entitle him to a change from the county to which defendant had demanded that a change be made, as, for illustration, on the ground of convenience of witnesses, or because of prejudice existing in the people, by reason of which he cannot have a fair and impartial trial. (*Wallace* v. *Owsley, supra; State ex rel. Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268.) There is no basis, however, for the contention in this case. It may be conceded that an action on a contract which was to be performed outside of the state should be commenced in the county of defendant's residence, and if not commenced there, may be removed there upon his application; yet since under the only meaning which can be assigned to the last sentence of section 6504, *supra,* the plaintiff is entitled to bring his action in the county where the contract was to be performed, if the place of performance does not appear from the complaint, there is no valid reason why he may not defeat defendant's motion for a transfer of the action to the county of his residence by showing by affidavit that the contract was to be performed where the action was commenced.

Lastly, contention is made that the supervisory power of this
[4] court should not be exercised in this case, for the reason
that it does not appear that the plaintiff has suffered or will
suffer any prejudice because of the order complained of. This
contention must be overruled. There is no direct appeal from
the order (Rev. Codes, sec. 7098). Neither is there remedy by
*mandamus* (*State ex rel. Independent Pub. Co.* v. *District Court,*
23 Mont. 329, 58 Pac. 867; *State ex rel. Woodward* v. *District
Court,* 53 Mont. 358, 163 Pac. 1149); and since the court below
had jurisdiction to entertain and determine the motion, error
in its conclusion was not such an excess of jurisdiction as to
render either *certiorari* or prohibition available. In the ordi-
nary course of law the plaintiff would be compelled to go to
Silver Bow county and submit to a trial there, suffering the
additional expense and inconvenience thus made necessary—an
injustice for which, though he should recover judgment in the
action, he could recover no compensation.

The order is annulled.

*Order annulled.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.