FELDMAN, RESPONDENT, *v.* SECURITY STATE BANK, APPELLANT.

(No. 4,650.)

(Submitted February 2, 1922. Decided February 20, 1922.)

[206 Pac. 425.]

*Action on Contract—Change of Venue—Refusal—When Error.*

1. Under section 9096, Revised Codes 1921 (sec. 6504, Rev. Codes 1907), refusal to change the place of trial of an action on a contract from the county of plaintiff's residence to the county in which the contract was to be performed was error.

*Appeals from District Court, Silver Bow County; Edwin M. Lamb, Judge.*

ACTION by M. Feldman against the Security State Bank of Judith Gap, Wheatland County, Montana. From a judgment for plaintiff and an order denying its motion for a new trial, defendant appeals. Reversed.

*Messrs. Barncord & Long* and *Mr. John V. Dwyer,* for Appellant, submitted a brief; *Mr. Dwyer* argued the cause orally.

The proper place for the trial of this action was in the county of Wheatland (Rev. Codes, sec. 6504), and the defend-

ant by its timely demand for change of place of trial and its filing of the affidavit of merits protected its rights to such change (sec. 6505). The affidavit of merits was sufficient and the court erred in refusing to grant the change of venue as demanded. (*Jordon* v. *Garrison,* 6 How. Pr. (N. Y.) 6; *Brownell* v. *Marsh,* 22 Wend. (N. Y.) 636; *Brown* v. *Masten,* 2 How. Pr. (N. Y.) 195; *Watt* v. *Bradley,* 95 Cal. 417, 30 Pac. 557.)

*Mr. C. F. Holt,* for Respondent, submitted a brief, and argued the cause orally.

As to the proposition of the motion for change of venue, section 9097 of the Revised Codes requires that on request for a change of venue on the ground that the action was not commenced in the proper county, the defendant shall file an affidavit of merit. The requirements of an affidavit of merit were definitely set out in *State ex rel. Stephens* v. *District Court,* 43 Mont. 571, Ann. Cas. 1912C, 343, 118 Pac. 268: First. The affidavit of merit must aver the existence of a defense; it is insufficient for the defendant to state merely that he is advised by his counsel that he has a defense. (1 Ency. Pl. & Pr. 362.) Second. The affiant must aver his belief in the existence of a defense. (*Bradford* v. *Corey,* 5 Barb. (N. Y.) 461.) Third. The affidavit must state that he has fully and fairly stated the case, the omission of either of these words being fatal. (1 Ency. Pl. & Pr. 361, note 1.) On the ground of convenience of witnesses, the affidavit for change of venue is also insufficient (see 40 Cyc. 159). The affidavit of merit is wholly and entirely faulty and insufficient, and no error was made in denying defendant's motion for change of venue.

MR. JUSTICE GALEN delivered the opinion of the court.

In this case it appears that the plaintiff was engaged in the shoe repair business at Judith Gap, during the years 1917 and 1918, and in connection therewith became indebted to the defendant in the sum of $367.90. In April, 1918, the cashier

of the defendant bank, J. G. Alexander, pressed the plaintiff
for a settlement of his indebtedness, and the plaintiff agreed
to let Mr. Alexander sell plaintiff's stock of goods so as to pay
plaintiff's debt to the defendant bank, the overplus to be ac-
counted for and paid to plaintiff.   In furtherance of this ar-
rangement, Alexander sold off plaintiff's wares and merchan-
dise to three local merchants, their names and the amount
purchased by each being as follows:

    To N. S. Kalayjian.........................$259.12
    To C. R. Stone............................ 170.00
    To C. L. Holland.......................... 135.00
                                                            $564.12

All these sales were made on time, the defendant agreeing
to collect and account to plaintiff therefor.   The defendant
made collection of these several accounts, applied same in pay-
ment of plaintiff's indebtedness to it, and the plaintiff being
unable to obtain from the defendant the balance, brought this
action in Silver Bow county, although all the transactions oc-
curred at Judith Gap, in Wheatland county.   Service of sum-
mons was made on the defendant in Wheatland county, and in
due time the defendant filed a general and special demurrer
to plaintiff's complaint, and at the same time a demand and
motion for change of venue, supported by affidavit of merits.
Change of venue was by the court denied, the demurrer over-
ruled, and the defendant filed its answer to which plaintiff re-
plied.   The cause was tried by the court with a jury and re-
sulted in a verdict and judgment in plaintiff's favor for the
sum of $173.32.   The appeal is from the judgment and from
the order denying defendant's motion for a new trial.

Several errors are assigned, consideration of the first of
which appears to us determinative of these appeals, *viz.*: Did
the court err in denying defendant's motion for a change of
venue?

The motion and demand for a change of the place of trial
was made upon the following grounds:

"1. That the defendant corporation maintained its principal place of business in the county of Wheatland, state of Montana.

"2. That all material witnesses with the exception of plaintiff himself, resided in the county of Wheatland, state of Montana.

"3. That the contract upon which the action was based was made in Wheatland county, state of Montana.

"4. That the contract according to its terms was to be performed at Judith Gap, in the county of Wheatland, Montana."

The affidavit of merits filed with and in support of the motion for change of place of trial, reads in part as follows:

"Jas. G. Alexander, being by me first duly sworn, on oath says: that he is the duly qualified and acting cashier of the defendant corporation and its duly qualified and acting business agent and manager:

"1. That at the time of the commencement of this action and for more than one year prior to the commencement of this action and ever since the commencement of this action the said defendant corporation maintained its principal place of business at Judith Gap, in the county of Wheatland, and state of Montana, and has never been engaged in business or transacted any business in the county of Silver Bow, and state of Montana; that the summons executed [issued] in said action was served upon the defendant corporation in the county of Wheatland and state of Montana, as will more fully and at large appear from the return made in said summons by the sheriff of Wheatland county, Montana.

"2. * * *

"3. That this is an action for the amount alleged to be due upon a contract made in the county of Wheatland, and state of Montana, and to be performed in the county of Wheatland and state of Montana.

"4. Affiant further says, that he, as the business agent, cashier and manager of the defendant corporation, has fairly stated the case in this cause to Norman R. Barncord, an attor

ney at law, residing at Judith Gap, Montana, counsel for the defendant corporation in said action, and after such statement is by him advised that he has a good and substantial defense on the merits to said action."

Section 9096 of the Revised Codes of 1921 reads as follows: "In all other cases the action shall be tried in the county in [1] which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this Code."

The rights of parties defendant under this statute, in actions on contract, to have a case removed to the county in which the contract is to be performed, has been frequently the subject of consideration by this court; and it is settled that such actions, upon proper application, must be tried in the county in which the contract is to be performed. (*Bond* v. *Hurd,* 31 Mont. 314, 3 Ann. Cas. 566, 78 Pac. 579; *State ex rel. Coburn* v. *District Court,* 41 Mont. 84, 108 Pac. 144; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *State ex rel. Western Accident & Ind. Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613.)

Although such is the settled law in this state, we would have no hesitancy in this instance in affirming the judgment; the case having been once fully and fairly tried, but for the fact, that the evidence is in conflict, and it is difficult to ascertain how the jury arrived at the amount of the verdict. The

defendant having protected his rights to a change of place of trial, is entitled thereto, and the judgment and order appealed from are reversed and the district court is ordered to transfer the cause to Wheatland county for trial.

*Reversed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and HOLLOWAY concur.