H. EARL CLACK CO., Respondent, *v.* STAUNTON et al.,
Appellants.

(No. 7,389.)

(Submitted May 4, 1935.   Decided May 18, 1935.)

[44 Pac. (2d) 1069.]

*Mr. John L. Slattery* and *Mr. W. J. Tighe,* for Appellants, submitted a brief; *Mr. Slattery* argued the cause orally.

28

*Mr. Max Kuhr*, for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The defendant Thomas Staunton constructed approximately twelve miles of highway in Toole county under contract with the state; the defendant United States Guarantee Company, a New York corporation, became surety on Staunton's bond to the state, executed in Cascade county. In his contract Staunton promised to pay the accounts of all persons who furnished him or any of his subcontractors with provisions, provender and supplies for the carrying on of the work, and one of the conditions of his bond was that such promise should be fulfilled. Staunton sublet a portion of the work, and the subcontractor contracted for certain supplies with, and received them from, this plaintiff, whose principal place of business is at Havre, in Hill county. The subcontractor having failed to pay for the sup-

plies, the plaintiff brought action against the defendants in Hill county and secured service of summons upon Staunton at his place of residence in Cascade county. The defendants demurred to the complaint, and thereupon Staunton moved for a change of place of trial, insisting that he was entitled to have the action tried in his home county of Cascade; the court denied the motion. The defendants have appealed from the order overruling their motion.

The determinative question presented is as to whether or not this action is upon contract. If the action is upon a contract for the payment of money at Havre, it must be tried in Hill county; if not, it should be transferred to Cascade county, the place of residence of one of the defendants and in which county he was served. (Sec. 9096, Rev. Codes 1921; *State ex rel. Coburn* v. *District Court*, 41 Mont. 84, 108 Pac. 144; *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030; *McKinney* v. *Mires*, 95 Mont. 191, 26 Pac. (2d) 169.)

The defendants contend that there is no contract and no privity existing between the plaintiff and the defendants; that "in fact the plaintiff sues, not because it had a contract with either of the defendants, but because the defendants had a contract with someone else, namely the State of Montana," and because Chapter 20 of the Session Laws of 1931 "creates a statutory liability on the part of the defendants, in the event the plaintiff complied with certain specified provisions of that chapter."

Before the enactment of the law mentioned, creditors in the situation of this plaintiff were held to be protected by the bond exacted by the highway commission, under the provisions of section 7472, Revised Codes of 1921, which provides that "a contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." (*Gary Hay & Grain Co.* v. *Carlson*, 79 Mont. 111, 255 Pac. 722; *Lanstrum* v. *Zumwalt*, 73 Mont. 502, 237 Pac. 205.) In the *Gary Case,* in determining the liability of the surety in a direct action by the creditor who furnished supplies for the construction of a highway, we said that the bond becomes a part

of the contractor's contract with the state, and where, as here, the contract contains a promise to pay for supplies furnished, and the bond contains a like provision that the contractor will so pay, the bond is, in effect, two bonds—one to the state for the faithful performance of the contract for construction, the other for the performance of the promise to pay for supplies furnished, the latter being for the benefit of those who furnish supplies. The awarding of the contract furnishes consideration for this promise to pay, and privity of contract is established between the promisor and his surety on the one hand, and the class of persons mentioned in the instruments on the other.

Chapter 20, Laws of 1931, does not detract from the force of the above decision; it but enacts into law the policy pursued by the state highway commission for years, and then protects the contractor and his surety against actions on claims of which they had no timely notice. Section 1 of the Act requires that all boards, commissions, councils, trustees and public bodies, acting for the state, a county or a municipality, letting contracts for public works, shall require the contractor to furnish such a dual bond as is described in the *Gary Case,* providing, first, for the faithful performance of the contract, and, second, that the contractor will pay all personal obligations and will pay "all persons who shall supply such" contractor "or subcontractors with provisions, provender, material, or supplies for the carrying on of such work, * * * and any * * * person * * * furnishing * * * any sub-contractor shall have the same right under the provisions of such bond as if such * * * provender * * * was furnished to the original contractor."

It is therefore apparent that the right of action which plaintiff asserts is not upon an obligation imposed by law (Chapter 20, above), as it existed prior to the enactment of that chapter, which merely circumscribes the rights of those dealing with a subcontractor; nor does it fall within the definition of an "obligation" not arising from contract, found in *Schaeffer* v. *Miller,* 41 Mont. 417, 109 Pac. 970, 137 Am. St. Rep. 746.

Here, the law does not impose upon the contractor an obligation to pay for supplies furnished, but imposes upon him the

duty of furnishing a bond to the effect that he will do so. However, unless the governmental agency letting the contract exacts a promise from the contractor, incorporated in his contract, to make such payments, this condition of the bond is unenforceable by laborers and materialmen, as the bond in this particular is without consideration. (*Gary Hay & Grain Co.* v. *Carlson,* supra.) Here, as in the *Gary* and the *Lanstrum Cases,* the highway commission exacted such a promise in consideration of the letting of the contract, and we thus have before us an express contract made between the contractor and the state, without any requirement of law that the contractor shall make such a promise, but made for the express benefit of third persons.

In its legal effect, this contract is not unlike the contract of indemnity considered in *State ex rel. Western Accident & Indemnity Co.* v. *District Court,* 55 Mont. 330, 176 Pac. 613, wherein this court held that, as the contract of indemnity did not designate the place where the payment should be made in case of loss, the place of payment, and consequently the venue of an action for its recovery, is within the county in which the party entitled to the payment resides, and, if such person be a corporation, the *situs* of its principal place of business is its residence.

In a somewhat similar case, it is held that the cause of action arose, not upon the execution of the contract, but upon the failure to make the payments provided for, and, as there was no stipulation in the contract as to where the payments should be made, the law implies that they should be made at the place of residence of the creditor. This requirement determines the place of trial. (*Massachusetts Bonding & Ins. Co.* v. *Concrete Steel Bridge Co.,* (C. C. A. 4th Cir.) 37 Fed. (2d) 695.)

The action, if triable at all, is triable in Hill county.

Section 2 of the Act provides that ''every person    *    *    * furnishing provender    *    *    * to be used in the construction *    *    * of any work for the state    *    *    * shall not later than seven (7) days after the date of the first delivery    *    *    * to any sub-contractor,    *    *    * deliver or send by registered

mail to the contractor a notice in writing stating in substance and effect that such person * * * has commenced to deliver provender, * * * with the name of the sub-contractor * * * ordering or to whom the same is furnished, and that such contractor and his bond will be held for the same, and no suit or action shall be maintained in any court against the contractor or his bond * * * unless the provisions of this Act have been complied with.''

The complaint alleges the sale and delivery of supplies to the subcontractor over a period beginning January 4, 1933, and ending September 19, 1933; the total value thereof and the value of all goods delivered prior to June 10, 1933. It is then alleged that for more than thirty days prior to June 10 the defendant Staunton knew that the plaintiff was so furnishing supplies to his subcontractor, and that on June 10 plaintiff ''mailed and delivered'' to Staunton a notice in writing, which Staunton ''stated and represented to plaintiff * * * was a sufficient notice under the provisions of section 2 of Chapter 20 * * * , and that said notice was binding upon him, * * * and that it was not necessary for the plaintiff to give * * * any further or additional notice'' respecting supplies theretofore, or thereafter to be, delivered to the subcontractor, and that the defendant Staunton ''is now estopped to assert that no proper or sufficient notice was given to him.'' It is further alleged that the plaintiff complied with the requirements of section 4 of the Act by filing claim with the highway commission within time and serving by registered mail a copy thereof on Staunton.

The questions as to the sufficiency of the complaint, in view ▮ of the provisions of the Act above outlined, and of the efficacy of the alleged estoppel, are not before us on this appeal; they are to be determined on submission of the demurrer to the complaint.

Either the plaintiff is entitled to maintain its action or it is not; if the action is to be tried, it being clearly an action on contract, the venue is in Hill county; and it is equally true that jurisdiction to pass upon the sufficiency of the complaint and

thus determine whether or not the action may be tried at all is vested in the district court of Hill county.

Order affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, takes no part in the foregoing decision.