KROEHNKE, Respondent, *v.* GOLD CREEK MINING CO., Appellant.

(No. 7,480.)

(Submitted January 15, 1936.   Decided March 4, 1936.)

[55 Pac. (2d) 678.]

*Mr. William Meyer* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

22

*Mr. H. L. Maury, Mr. A. G. Shone* and *Mr. W. E. Coyle,* for Respondent, submitted a brief; *Mr. Coyle* argued the cause orally.

MR. CHIEF JUSTICE SANDS delivered the opinion of the court.

This case involves the sole question of the proper county for the trial of the action. The complaint alleges that the plaintiff, Daisy B. Kroehnke, loaned to the Gold Creek Mining Company, at Butte, Silver Bow county, Montana, in March, 1930, two separate sums of money. There was no written agreement or apparently any very definite agreement. This suit was brought in Silver Bow county to recover, and service of summons was made in that county. A general demurrer was filed

by defendant and at the same time an affidavit by one of its officers, to the effect that the principal place of business of defendant corporation had recently been changed to Powell county. The affidavit of defendant further asserts that plaintiff ''down to the year 1933'' was a nonresident of Montana. The defendant bases its right to a change of venue upon the claim that ''the debt became due and payable (if there was a debt) while the plaintiff was a nonresident of the state,'' and therefore, under section 9096, Revised Codes of 1921 (which both parties concede is the section controlling the place of trial), defendant claims that the *residence of defendant* determines the proper venue for trial of this action.

Section 9096, supra, reads as follows: ''In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; or, if none of the defendants reside in the state, or, if residing in the state, the county in which they so reside be unknown to the plaintiff, the same may be tried in any county which the plaintiff may designate in his complaint; and if any defendant or defendants may be about to depart from the state, such action may be tried in any county where either of the parties may reside, or service be had. Actions upon contracts may be tried in the county in which the contract was to be performed, and actions for torts in the county where the tort was committed; subject, however, to the power of the court to change the place of trial as provided in this code.''

In the case of *State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030, 1031, the very question in issue in the instant case is there thoroughly discussed by Chief Justice Brantly, and covers the issue so completely that we see no reason to repeat the argument and conclusion there set out. This decision has been cited with approval in many recent cases. We find no cases since that hold otherwise. We quote from that decision as follows: ''To determine, then,

whether an action in either of these two classes has been commenced in the proper county, the only question the court may consider and determine is where, in the one case, the contract was to be performed, or, in the other, where the tort was committed. As will appear below, our own decisions are not in harmony, but in two of them at least this court impliedly adopted the construction we have given the last sentence of the section, by refusing to recognize the residence of the defendant as a material consideration. (*Oels* v. *Helena & Livingston S. & R. Co.,* 10 Mont. 524, 26 Pac. 1000; *State ex rel. Coburn* v. *District Court,* 41 Mont. 84, 108 Pac. 144.)''

It is therefore apparent that the proper county for trial of this case is the place where the contract was to be performed. It will be noted that several decisions there cited are overruled, notably *Wallace* v. *Owsley,* 11 Mont. 219, 27 Pac. 790, *McDonnell* v. *Collins,* 19 Mont. 372, 48 Pac. 549, and *Bond* v. *Hurd,* 31 Mont. 314, 78 Pac. 579, 3 Ann. Cas. 566. These are cases especially relied upon by counsel for appellant in their brief.

The only question of any possible importance is that pertaining to the alleged absence of plaintiff from the state when the debt became payable. The time of payment was not definitely fixed by contract. It must be ascertained by application to the rules of law. The defendant assumes that if the plaintiff was out of the state at the time the debt ''accrued,'' she would thereby lose her right to have the case tried at the place of performance of the contract. The right to bring suit would appear to arise in 1930 at which time the plaintiff, according to defendant's proof, resided out of the state. Plaintiff contended, by affidavit in opposition and in her verified complaint, that she was a resident of Silver Bow county and had been such during all times mentioned in the complaint. The two causes of action stated in the complaint are each for money loaned, with no particular time or place fixed by express contract for payment.

A number of affidavits for defendant also contained statements to the effect that in a hearing before the Public Service

Commission of Wisconsin, in Milwaukee, on June 13 and 14, 1931, plaintiff testified that she then lived at the Ambassador Hotel, Milwaukee, and had "lived" there about two years, and that during this period of time she maintained an office in an office building in the city of Milwaukee. The record contains a certified copy of an affidavit, apparently a portion of some court proceeding in the state of Wisconsin, made by the plaintiff, wherein she stated that she resided at Milwaukee, Wisconsin, and lived "at the Ambassador Hotel." This affidavit was sworn to on October 23, 1931.

Plaintiff filed a counter-affidavit in which she deposed that "during all of the year, 1930, and continuously since and at all times from the beginning of the year 1930, to the date of the execution of this affidavit, my residence has been, and now is, in Butte, Silver Bow county, Montana," and that her place of business during all that time was in the same city, county and state.

The question as to place of residence of a given person is ordinarily one of fact. (*Chicago & N. W. R. Co.* v. *Ohle*, 117 U. S. 123, 6 Sup. Ct. 632, 29 L. Ed. 837.) The evidence as to plaintiff's place of residence was conflicting. In view of the denial of the motion to change the place of trial by the court, it must have found in accordance with the statements contained in plaintiff's affidavit.

It is well settled that in the determination of a motion for change of venue, if denied on conflicting affidavits, the trial court's discretion, in the absence of a showing of manifest abuse of discretion, will not be interfered with on appeal. (*Dawson* v. *Dawson*, 92 Mont. 46, 10 Pac. (2d) 381, and cases there cited.)

The order of the lower court is affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART, ANDERSON and MORRIS concur.