JOHNSON, Respondent, v. OGLE, Appellant.

No. 8540

Submitted April 4, 1945. Decided May 26, 1945.

159 Pac. (2d) 337

Mr. M. L. Parcells, of Columbus, for appellant.

Mr. Mark Derr, of Polson, and Mr. L. D. French, of Ronan, for respondent.

MR. JUSTICE MORRIS delivered the opinion of the court. This is an appeal from an order denying a change of venue.

Plaintiff's complaint was filed in Lake county and alleged that defendant is indebted to plaintiff upon an account for work, labor and services rendered by plaintiff to defendant as a licensed and bonded realtor and for which defendant agreed to pay. The services, it is alleged, were rendered in the sale for $16,000 of certain real estate in Lake county at the regular realtor's commission of 5% of the sale price.

The summons was served upon defendant in Stillwater county. A writ of attachment was issued and levied upon a bank account in Lake county and upon another bank account in Stillwater county. At the time of filing a general demurrer defendant made demand for change of venue and in support thereof made affidavit "that at the time of the commencement of this action he was and now is a bona fide resident of the Town of Columbus, Stillwater county, Montana" and that summons was served upon him there and not elsewhere.

Before the motion for change of venue came on for hearing, plaintiff filed an affidavit on April 14, 1944, reciting in substance that the contract upon which the action is based "was agreed to be and was to be performed at Ronan, Lake county," and that defendant was to pay plaintiff there; that the property which was sold was in that county and that the contract between the parties was made there; that on the 28th day of February, 1944, defendant lived and made his home for himself and family at Ronan and "that he has not as yet established a residence at Columbus"; that the witnesses reside in Lake county, and, hence, that the convenience of the parties would be promoted by having the trial in Lake county; that plaintiff resides in Lake county and that the contract was there breached. Defendant moved to strike the affidavit of plaintiff from the files. The motion to strike was denied as well as the motion for change of venue.

Defendant contends that the court erred in not sustaining his motion to strike plaintiff's affidavit from the files.

We find it unnecessary to consider the propriety of the court's action with respect to the motion to strike. It is our

view that in this particular case the same result would have to be reached even though the affidavit of plaintiff be stricken from the files.

Section 9096, after providing that actions shall be tried in the county in which defendant resides, contains this sentence: "Actions upon contracts may be tried in the county in which the contract was to be performed, * * *."

This court has held that the burden is upon the party moving for a change of venue to disclose the facts which entitle him to the change. Courtney v. Gordon, 74 Mont. 408, 241 Pac. 233. In speaking of section 9096, this court, in State ex rel. Interstate Lumber Co. v. District Court, 54 Mont. 602, 172 Pac. 1030, 1031, said: "The first sentence of this section is general in its terms, and but for the last sentence in it would apply to any action whatsoever for a cause other than one of those enumerated in some one of the preceding sections. The place of trial is therein made to depend upon the residence or whereabouts of the defendant at the time the action is commenced. The last sentence, however, excepts out of the application of this general provision actions upon contract and actions for torts, and requires the place of trial in these cases to be determined by considerations wholly apart from the residence or whereabouts of the defendant. In the one case, the place of trial is determined by an answer to the inquiry, Where was the contract to be performed? and in the other, Where was the tort committed?"

The ruling in the Interstate Lumber Company case, as to the effect of the last sentence in section 9096, Revised Codes, has been followed in all subsequent decisions by this court since that case was handed down in 1918. Dryer v. Director General of Railroads, 66 Mont. 298, 213 Pac. 210; Woodward v. Melton, 58 Mont. 594, 194 Pac. 154; Feldman v. Security State Bank, 62 Mont. 330, 206 Pac. 425; Maio v. Greene, 114 Mont. 481, 137 Pac. (2d) 670. However, it developed when the case at bar was in conference that there is a decided conflict of views among the members of this court as to

whether or not the special concurring opinion of the writer in the case of Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 Pac. (2d) 151, was intended, or could be reasonably construed, to concur in that part of the majority opinion in the Hardenburgh case which expressly overruled the Interstate Lumber Company case relative to the construction given to section 9096, supra, relative to the question of venue. Under the circumstances I shall pause long enough to place that question at rest before proceeding further with the case at bar.

What is said in the special concurring opinion in the Hardenburgh case speaks for itself, and goes no further than to concur with the majority in holding that the venue of the action was properly determined to be in Missoula county. In the opinion of the writer a special concurring opinion applies only to the determinative question involved in the particular controversy and that was the sole and only office the special concurring opinion in the Hardenburgh case was intended to perform. In the opinion of the writer the Interstate Lumber case remains the leading case on the question of venue in this jurisdiction, and correctly construes section 9096, Revised Codes, as to that question.

In the later case of State ex rel. Bonners Ferry Lumber Co. v. District Court, 69 Mont. 436, 222 Pac. 1050, the opinion in the Interstate Lumber Co. case was severely criticised by Justice Holloway, who concurred in that opinion, but such criticism was directed to what Justice Holloway obviously believed to be the impropriety of this court's assuming jurisdiction in a special proceeding to determine a question of venue. Obviously that question did not occur to the justice at the time he concurred in the Interstate Lumber Company case. The special concurring opinion in the Hardenburgh case is not to be construed as overruling the Interstate Lumber Company case in any particular whatever.

Proceeding now with the case at bar, in order for defendant to show facts entitling him, as of right, to a change of venue to Stillwater county, it was incumbent upon him to

show that the contract sued on was not to be performed in Lake county where the action was commenced.

Since defendant in this action did not show sufficient facts to establish that Lake county was not a proper county for the venue of the action, plaintiff was not obliged to do anything more than stand upon the lack of showing made by defendant.

The order denying the motion for change of venue is affirmed.

Mr. Justice Johnson, and Associate Justice Cheadle, concur.

Mr. Justice Adair, (concurring specially).

Lake county where suit was commenced is a proper county for the trial of this action and defendant's motion for a change of venue, being without merit, was properly overruled. Plaintiff's complaint and affidavit show that at the time of entering into the contract, the contracting parties both resided in Lake county where the contract was made; that the contract was for the selling of defendant's land situate in Lake county; that the property was sold in Lake county and that the commission owing from defendant on such sale was to be paid to plaintiff in Lake county. Such showing entitles plaintiff to have the action tried in Lake county, "subject, however, to the power of the court to change the place of trial as provided in" the codes. Section 9096, Revised Codes.

That portion of the majority opinion devoted to a discussion or explanation of what was said by the court or the individual members thereof in the Hardenburgh case, 1944, 115 Mont. 469, 146 Pac. (2d) 151, and in the Interstate Lumber Co. case, 1918, 54 Mont. 602, 172 Pac. 1030, is unnecessary to the decision of this case, gratuitous and obiter dictum.

We are not here called upon to determine whether the permissive word "may" used by the legislature in the enactment of sections 9096 and 9097, Revised Codes, is to be "construed according to the context and the approved usage of the language" (section 15, Revised Codes) or whether in the construction of the statutes governing venue the court may, in

direct violation of the express prohibitions of section 10519, Revised Codes, omit from the sections the word "may" that has been inserted therein by the legislature and insert in lieu thereof the mandatory and imperative word "must" which the legislature has seen fit to omit from the language of the section.

The power to make such amendments lies, not in the judiciary, but in the legislative department of government. Constitution of Montana, Article IV; section 10519, Revised Codes.

The word "may" remained in the statutes undisturbed for 47 years prior to the Interstate Lumber Co. decision, supra, in 1918 and if need then developed for an amendment in the language of section 9096, such proposed amendment should have been submitted to the 1919 legislature and to the governor for their approval rather than by resorting to the unconstitutional method of legislation in this court by far-fetched and prohibited judicial construction.

In 1924, being but six years after the Interstate Lumber Co. decision, this court, in an opinion by Mr. Justice Holloway concurred in by the other four justices, conceded that the Interstate Lumber Co. decision was handed down "with but little consideration given to the incidental question of procedure." See State ex rel. Bonners Ferry Lumber Co. v. District Court, 69 Mont. 436, 222 Pac. 1050.

The dictum of the majority opinion in the instant case only adds to the confusion that has since resulted respecting the rules for determining the question of venue in this jurisdiction. Because of such confusion and conflict, in the recent Hardenburgh case (1944) we examined, reviewed and classified the former decisions of this court construing section 9096 and I am convinced that the Hardenburgh case was correctly decided in conformity with the requirements of our Constitution and with the intent of the legislature as expressed in the clear and simple language used by it when enacting section 9096 of the Codes.

Mr. Justice Angstman, (concurring specially).

I concur in the result reached in the majority opinion, but I believe that opinion contains dictum which has no place in the opinion. That opinion gratuitously attempts to add dignity to the opinion in the case of State ex rel. Interstate Lumber Co. v. District Court, 54 Mont. 602, 172 Pac. 1030, and to subtract from, or clarify the effect of the opinion in Hardenburgh v. Hardenburgh, 115 Mont. 469, 146 Pac. (2d) 151, when neither of them has anything to do with the question involved in this case.

In the Interstate Lumber Company case it was held that the word "may" in section 9096 means "must." At least two members of the court in the Hardenburgh case thought that the court should construe the word "may" according to its approved usage. As stated above, I do not see the necessity or propriety of discussing that point in this case. But if we are to consider the point, then I believe we should accept the statute as written by the legislature. I do so for two reasons. First, the statute becomes absurd when the word "may" is given the meaning of "must." The first part of the statute declares that "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action." The word "shall" the court properly said in the Interstate Lumber Company case is expressive of obligation or necessity.

If defendant resides in a county other than the county where the contract was to be performed, how can the statute be given effect when the word "may" is also given the force of obligation or necessity without trying the case twice—once in the county of defendant's residence and the other in the county where the contract was to be performed? What the statute means is that either the county of defendant's residence or the county where the contract was to be performed is a proper county for the trial of the action and that if plaintiff chooses either of those counties defendant may not have it removed, except that as stated in the last two lines of section 9096, it is still subject "to the power of the court to change the place

426

of trial as provided in this code'' which latter clause has reference to subdivisions 2, 3 and 4 of section 9098.

Second, I think it is always dangerous for the court to attempt to improve upon legislation adopted by the legislature and that in endeavoring to do so it is difficult, if not impossible, to avoid encroaching upon a prohibited field of governmental endeavor. Section 1, Article IV of the Montana Constitution.

I think the Interstate Lumber Company case was wrong in declaring that ''may'' as used in section 9096 means ''must'' and that two members of the court were right to that extent when they so stated in the Hardenburgh case.

I regard the general language quoted from Corpus Juris in the Hardenburgh case to the effect that plaintiff must show that the contract was to be performed in the county where the action was commenced as dictum in that case and that it did not overrule the case of Courtney v. Gordon, 74 Mont. 408, 241 Pac. 233, which places the burden upon the party moving for a change of venue to show that the contract was not to be performed in the county where the action was commenced.

Rehearing denied June 21, 1945.