TAYLOR, Respondent, *v.* TAYLOR, Appellant.
No. 9112.
Submitted December 7, 1951. Decided December 13, 1951.
238 Pac. (2d) 904.

(341)

Mr. W. G. Gilbert, Dillon, Mr. Lyman H. Bennett, Jr., Virginia City, for appellant.

Mr. James H. Morrow, Jr., Bozeman for respondent.

Mr. Bennett and Mr. Morrow argued orally.

MR. CHIEF JUSTICE ADAIR:

Action for separate maintenance commenced in the district court of Gallatin county by Susie Booher Taylor, plaintiff, against her husband Park Taylor, defendant.

March 11, 1950, upon the filing of the complaint the district court issued its order requiring defendant to show cause on a day certain why he should not pay to plaintiff support money, court costs and attorney's fees during the pendency of the suit.

Defendant was personally served in Beaverhead county with the order to show cause, summons and complaint and, on March 20, 1950, he appeared in the action through his attorney and filed (1) a motion for change of place of trial to Beaverhead county, (2) a notice of such motion, (3) a demand for change of place of trial, (4) an affidavit of merits and (5) a demurrer to the complaint.

March 22, 1950, the district court ordered the hearing on the order to show cause postponed and on April 3, 1950, heard defendant's motion for change of place of trial and received considerable testimony and documentary evidence following which briefs were filed on behalf of the respective parties and the matter submitted. No further proceedings were had or done until July 23, 1951, whereon the district court made its order denying defendant's motion for change of place of trial from which order the defendant on July 31, 1951, took this appeal.

Notwithstanding such appeal challenging its jurisdiction, the district court set for hearing for August 10, 1951, its order of March 11, 1950, requiring defendant to show cause why support money, court costs and attorney's fees *pendente lite* should not

be allowed, whereupon this court on August 2, 1951, on defendant's petition, granted a stay of proceedings in the district court pending determination of the appeal. See R. C. M. 1947, sec. 93-8004, subd. 3. Compare Beard v. Superior Court, 39 Cal. App. (2d) 284, 102 Pac. (2d) 1087.

In his affidavit of merits, the defendant deposes, "that at the time of the commencement of said action he was, and at all times since has been, and now is, a bona fide resident of the County of Beaverhead, State of Montana, and not elsewhere."

Plaintiff made and filed an affidavit in opposition to the motion for change of venue deposing that on March 11, 1950, when she commenced her suit, the defendant was a resident of Gallatin county and not a bona fide resident of Beaverhead county.

At the hearing before the district judge on the motion for change of place of trial, defendant testified that he had previously lived in Gallatin county but that in the month of March 1949, he left Gallatin county to make his home in Beaverhead county and that since March 1949, he had been a resident of Beaverhead county and had claimed it as his home. Testimony and documents were received in evidence, both in support of and in opposition to such claim.

The record shows that the defendant came to Gallatin county when he was but eight years old; that for many years he had been a bona fide resident of such county; that upon his marriage to plaintiff he brought his bride to such county where they established their home and where except for two or three brief periods of time the defendant and his family resided; that during the year 1949 the defendant had holdings, livestock and other property in the counties of Gallatin, Jefferson and Beaverhead; that during such year he was a taxpayer in each of said counties and that in the spring of 1949 defendant leased his lands in Beaverhead county to one Olin Durham for a term of one year commencing April 1, 1949, and ending April 1, 1950.

The county superintendent of Gallatin county appearing as a witness for plaintiff produced a certificate of election certifying that at the annual school election of school district No. 72

in Gallatin county, held April 2, 1949, at the school house of said district, the defendant Park Taylor was duly elected to the office of school trustee for the term of three years.

An oath of office, in writing, subscribed by defendant and purporting to have been sworn to by him before the county superintendent of schools of Gallatin county was received in evidence tending to show that following his said election defendant had duly qualified for the office of school trustee.

A certificate of appointment subscribed by the defendant Park Taylor and by one E. J. Durnam as trustees of school district No. 72 in Gallatin county, was also received in evidence. Therein the two subscribing trustees certified: "That at a Regular meeting of the Board of Trustees of School District No. 72 of Gallatin County held Apr. 21, 1949," one Violet Noon was "duly appointed to fill the office of District Clerk to serve during the pleasure of the Board."

The defendant testified that during the summer grazing season from about June 22, 1949, to October 22, 1949, he was physically present in Gallatin county looking after his cattle which were then being grazed in such county.

Violet Noon appeared as a witness in the hearing before the district court and testified that she then held the office of clerk of the school board of school district No. 72 in Gallatin county; that she had held the office of clerk of the district for four or five years; that at the time she was testifying, April 3, 1950, E. J. Durnam, George Lemon and the defendant Park Taylor, then comprised the board of trustees of school district No. 72, in Gallatin county; that at such time the defendant Park Taylor was then the chairman of such school board; that as such chairman the defendant had always signed the warrants for the school district whenever the clerk so requested; that the witness was of the opinion that the defendant had signed school district warrants for her in November 1949 and that he may have signed some warrants for her in December 1949 but not thereafter for the reason that the school in that district was

only held from May to December each year and that the school year ended on the Friday before Christmas.

An elector's registration card subscribed by the defendant Park Taylor on August 1, 1946, and that day filed in the office of the county clerk and recorder of Gallatin county was received in evidence. This card indicates that at the time of his registration the defendant had then been thirty-five years in Gallatin county.

The card further shows that defendant failed to vote at the 1948 election for which reason his registration was cancelled on November 5, 1948, pursuant to the requirements of R. C. M. 1947, sec. 23-511. However, this cancellation, on the grounds indicated, did not evidence a change of residence, for defendant admits that he did not go to Beaverhead county to live until the month of March 1949.

On the issue of defendant's place of residence, much evidence was introduced and comprises some 120 typewritten pages of the record on this appeal. Obviously, we may not here set forth such testimony in detail, and while some of it is both confusing and conflicting, yet from a careful reading thereof, we are of the opinion that there is much substantial evidence tending to show that the defendant did not intend to change his place of residence to Beaverhead county prior to the commencement of this action and under such state of the record, we cannot say that the district court abused its discretion in denying the motion for a change of venue. Compare Dawson v. Dawson, 92 Mont. 46, 53, 10 Pac. (2d) 381, 382; Kroehnke v. Gold Creek Mining Co., 102 Mont. 21, 55 Pac. (2d) 678; Archer v. Archer, 106 Mont. 116, 75 Pac. (2d) 783; McNeill v. McNeill, 122 Mont. 413, 205 Pac. (2d) 510, 511; Finnell v. Finnell, 59 Idaho 148, 81 Pac. (2d) 401. Accordingly the trial court's order is affirmed and remittitur will issue forthwith.

ASSOCIATE JUSTICES METCALF, BOTTOMLY, FREE-BOURN and ANGSTMAN, concur.